Monte **THOMSON,** as personal representative of the Estate of Wesley M. Thomson, and all other similarly situated, Plaintiffs—Appellants,

v.

**PROFESSIONAL FORECLOSURE CORPORATION OF WASHINGTON,** a Washington corporation, et al., Defendants—Appellees.

No. 01–35802.

D.C. No. CV–98–00478–EFS.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 7, 2004.

Decided Jan. 26, 2004.

Appeal from the United States District Court for the Eastern District of Washington; Edward F. Shea, District Judge, Presiding.

Michael D. Kinkley, Spokane, WA, O. Randolph Bragg, Esq., Horwitz, Horwitz & Associates, Ltd., Chicago, IL, for Plaintiffs–Appellants.

Dennis Patrick Hession, Richter–Wimberley, P.S., Spokane, WA, Daniel P. Shapiro, Michael K. Hendershot, Esq., David J. Chizewer, Goldberg, Kohn, Bell, Black, Rosenbloom & Moritz Ltd., Chicago, IL, Jerret E. Sale, Deborah L. Carstens, Bullivant, Houser, Bailey, PC, Seattle, WA, for Defendants–Appellees.

Before GRABER, TALLMAN, and CLIFTON, Circuit Judges.

## MEMORANDUM *

Plaintiff Monte Thomson appeals the district court's grant of summary judgment to Defendants in this action alleging violations of the Fair Debt Collection Practices Act.

1. Plaintiff argues, first and primarily, that the district court erred when it held that Professional Foreclosure Corporation of Washington and Peelle Financial Corporation of Washington qualify as debt collectors *only* for purposes of 15 U.S.C. § 1692f(6), because the principal purpose of each business is the enforcement of security interests. We agree with the district court's careful discussion of this issue and affirm for the reasons stated by it.

2. Plaintiff also argues on appeal that Peelle violated 15 U.S.C. § 1692f(6), because it did not enjoy a right to present possession of the property. This particular argument was not made in the district court,[1] so we do not consider it. *United States v. Pimentel–Flores*, 339 F.3d 959, 967 (9th Cir.2003).

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. Plaintiff made similar arguments below but claimed that Peelle had violated 15 U.S.C. §§ 1692e, 1692f(1), and 1692g. Plaintiff is no longer making those arguments. Neither Plaintiff's motion for summary judgment nor his memorandum in support thereof cited § 1692f(6).