**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Otali RODRIGUEZ–HORTA,
Defendant—Appellant.**

No. 03–10406.

United States Court of Appeals,
Ninth Circuit.

Submitted April 13, 2004.*

Decided April 21, 2004.

Brian L. Sullivan, Ronald C. Rachow, AUSA, USRE—Office of The U.S. Attorney, Reno, NV, for Plaintiff–Appellee.

Michael K. Powell, Esq., FPDNV—Federal Public Defender's Office, Reno, NV, for Defendant–Appellant.

Before: T.G. NELSON, W. FLETCHER, and BERZON, Circuit Judges.

MEMORANDUM **

Otali Rodriguez–Horta challenges his sentence for violation of 8 U.S.C. § 1326(a). We affirm.

Rodriguez–Horta claims that the district court's enhancement of his sentence by 16 levels under United States Sentencing Guidelines ("USSG") § 2L1.2(b)(1)(A) violated equal protection. His argument depends on the premise that a "crime of violence," as used in USSG § 2L1.2(b)(1)(A)(ii), must also be an "aggravated felony," as defined in 8 U.S.C. § 1101(a)(43). We rejected this premise in *United States v. Pimentel–Flores*, 339 F.3d 959 (9th Cir.2003). *Pimentel–Flores* held that "a 'crime of violence' need[s] only to be a 'felony' as defined in the application notes—and not an 'aggravated felony' as statutorily defined—to qualify for a 16–level enhancement" pursuant to USSG § 2L1.2(b)(1)(A)(ii). *Id.* at 963. As "[n]othing in this definition requires that the prior offense have received a sentence in excess of a year or, for that matter, any custody term at all," *id.* at 964, it does not matter to Rodriguez–Horta's eligibility for the enhancement under USSG § 2L1.2(b)(1)(A)(ii) whether he received a sentence of imprisonment for his prior offense, assault with a deadly weapon.

Rodriguez–Horta's equal protection claim is grounded on the assertion that § 2L1.2(b)(1) irrationally discriminates between defendants in states where probation requires a suspended sentence and defendants in states with no such requirement. As the sentencing enhancement would be the same under *Pimentel–Flores* had there been no suspended sentence, the equal protection claim fails.

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.