**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Gilberto PIMENTEL–FLORES,**
**Defendant–Appellant.**

No. 02–10353.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 12, 2003.

Filed Aug. 11, 2003.

---

960

Deirdre M. Mokos and Brian I. Rademacher, Assistant Federal Public Defenders, Tucson, AZ, for the defendant-appellant.

Maria S. Davila, Assistant United States Attorney, Tucson, AZ, for the plaintiff-appellee.

Before: D.W. NELSON and W. FLETCHER, Circuit Judges, and ALSUP,[1] District Judge.

ALSUP, District Judge.

This appeal requires an interpretation of the 2001 amendment to United States Sentencing Guideline § 2L1.2. The question is whether the term "crime of violence" as defined in the new guideline is limited to "aggravated felonies" within the meaning of 8 U.S.C. § 1101(a)(43). Based on the plain meaning of the guideline and its application note, we hold that a "crime of violence" under the new guideline need not be an "aggravated felony" within the meaning of the statute to qualify for a 16–

[1]. The Honorable William Alsup, District Judge for the Northern District of California, sitting by designation.

level enhancement. Notwithstanding, the proceedings below were flawed for relying solely on facts in the presentence investigation report rather than following the procedure under *Taylor v. United States,* 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), for determining whether defendant's prior offense qualified as a "crime of violence." The government should have supplied the necessary information before sentencing. Accordingly, remand for re-sentencing on an open record is required.

## FACTS AND PROCEDURAL BACKGROUND

On February 12, 2002, Pimentel–Flores pled guilty, pursuant to a written plea agreement, to an indictment charging a violation of 8 U.S.C. § 1326(a) for reentry after removal, with a sentencing enhancement under 8 U.S.C. § 1326(b)(1) for a prior "felony." The presentence investigation report ("PSR") indicated that Pimentel–Flores had a prior conviction for "assault in violation of court order, a felony, in Franklin County Superior Court, Pasco Washington, Case No. 98–1–50371–1." The PSR detailed the facts surrounding the conviction and that Pimentel–Flores received a thirty-day jail sentence, twelve months probation, and a $1,000 fine. The PSR, however, did not identify the statute under which defendant had been convicted. Additionally, the government failed to provide any other judicially-noticeable documents indicating the statute of conviction.

The PSR determined that Pimentel–Flores's conviction for assault in violation of a court order qualified as a felony "crime of violence" under the new guideline effective November 2001. Accordingly, it assessed a 16–level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A). The

PSR further counseled against the plea agreement because it called only for a four-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(D) or (E).

In his objections to the PSR, Pimentel–Flores contended that his prior offense could not qualify for a 16–level enhancement as a "crime of violence." Under the new guideline, he contended, that term ought to be no broader than the preexisting (and continuing) statutory definition of a "crime of violence," which required an imposed term of imprisonment of at least one year. 8 U.S.C. § 1101(a)(43)(F). Additionally, defendant urged the district court to accept the written plea agreement.

At the sentencing hearing on June 19, 2002, the district court rejected the plea agreement and accepted the PSR's enhancement calculation. The district court then sentenced Pimentel–Flores to 41 months in prison. Pimentel–Flores declined the express opportunity to withdraw his guilty plea, and appealed.

## ANALYSIS

### I.

The district court did not err in imposing a 16–level "crime of violence" enhancement based on Pimentel–Flores's prior offense for which he had received a sentence of less than one year. The sentence the district court imposed was less than the 8 U.S.C. § 1326(b) maximum for an illegal entry after prior removal with an enhancement for a prior "felony."[2] The issue, therefore, concerns the proper construction of the applicable guideline, which all in this case agree was U.S.S.G. § 2L1.2, entitled "Unlawfully Entering or Remaining in

2. Defendant was not sentenced (or charged) as subject to a prior "aggravated felony" enhancement under § 1326(b)(2), but merely with an enhancement for a prior "felony" under § 1326(b)(1).

the United States," as amended effective November 1, 2001. To appreciate the context of the guideline issue, it is best to begin with the statutory regime.

Section 1326 establishes the penalty provisions for the offense of illegal reentry. Section 1326(b) establishes the statutory maximums where removal was subsequent to a conviction, and reads, in relevant part:

> (b) Notwithstanding subsection (a), in the case of any alien described in such subsection—

>> (1) whose removal was subsequent to a conviction for commission of three or more misdemeanors involving drugs, crimes against the person, or both, or a *felony (other than an aggravated felony)*, such alien shall be fined under title 18, United States Code, imprisoned not more than 10 years, or both;

>> (2) whose removal was subsequent to a conviction for commission of an *aggravated felony*, such alien shall be fined under such title, imprisoned not more than 20 years, or both;

8 U.S.C. § 1326(b) (emphasis added). In turn, the term "aggravated felony" is defined in 8 U.S.C. § 1101(a)(43) to include a list of offenses, one of which is a "crime of violence." Specifically, an aggravated felony includes:

> a crime of violence (as defined in section 16 of title 18, United States Code, but not including a purely political offense) for which the term of imprisonment [is][3] at least one year;

8 U.S.C. § 1101(a)(43)(F). The phrase "for which the term of imprisonment [is] one year or more" refers to the *actual* sentence imposed in the earlier felony case, not the maximum available sentence.

*Alberto–Gonzalez v. INS*, 215 F.3d 906, 909–910 (9th Cir.2000).

A "crime of violence" is defined in 18 U.S.C. § 16 as:

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Turning to the sentencing guideline, the *earlier* guideline before the 2001 amendment was straightforward: *all* "aggravated felonies" received a 16–level enhancement, as follows:

> (1) If the defendant previously was deported after a criminal conviction, or if the defendant unlawfully remained in the United States following a removal order issued after a criminal conviction, increase as follows (if more than one applies, use the greater):

>> (A) If the conviction was for an aggravated felony, increase by 16 levels.

>> (B) If the conviction was for (i) any other felony, or (ii) three or more misdemeanor crimes of violence or misdemeanor controlled substance offenses, increase by 4 levels.

U.S.S.G. § 2L1.2(b) (2000). Thus, *all* "aggravated felonies" as defined in 8 U.S.C. § 1101(a)(43) were subject to a 16–level enhancement under the old guideline. All other prior "felonies" received a four-level enhancement.

This brings us to the new guideline immediately at issue. Sentencing Guideline § 2L1.2 now reads in pertinent part:

---

**3.** The Ninth Circuit, along with all others to consider the problem, has read the verb "is" into the statute. *United States v. Corona-* *Sanchez*, 291 F.3d 1201, 1204 n. 3 (9th Cir. 2002) (en banc).

(b) Specific Offense Characteristic

(1) Apply the Greatest:

If the defendant previously was deported, or unlawfully remained in the United States, after—

(A) a conviction for a felony that is (i) a drug trafficking offense for which the sentence imposed exceeded 13 months; (ii) a crime of violence; (iii) a firearms offense; (iv) a child pornography offense; (v) a national security or terrorism offense; (vi) a human trafficking offense; or (vii) an alien smuggling offense committed for profit, increase by 16 levels;

(B) a conviction for a felony drug trafficking offense for which the sentence imposed was 13 months or less, increase by 12 levels;

(C) a conviction for an aggravated felony, increase by 8 levels;

(D) a conviction for any other felony, increase by 4 levels; or

(E) three or more convictions for misdemeanors that are crimes of violence or drug trafficking offenses, increase by 4 levels.

The application note to 2L1.2 defines the terms in the new guideline. The new guideline has its own definition of "crime of violence." It notes that for purposes of subsection (b)(1),

"Crime of violence"—

(I) means an offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another; and

(II) includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses (including sexual abuse of a minor), robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling.

U.S.S.G. § 2L1.2 cmt. n. 1(B)(ii) (2001). Also for purposes of (b)(1), a "felony" is defined as:

any federal, state, or local offense *punishable* by imprisonment for a term exceeding one year.

U.S.S.G. § 2L1.2 cmt. n. 1(B)(iv) (2001) (emphasis added). Another application note provision states that:

For purposes of subsection (b)(1)(C), "aggravated felony" has the meaning given that term in 8 U.S.C. § 1101(a)(43), without regard to the date of conviction of the aggravated felony.

U.S.S.G. § 2L1.2 cmt. n. 2 (2001).

■ At the heart of this case, the parties dispute whether a "crime of violence" under the new guideline must be limited to "aggravated felonies" within the meaning of the statute. This is an issue of first impression. We hold that under United States Sentencing Guideline § 2L1.2, amended as effective November 1, 2001, a "crime of violence" needed only to be a "felony" as defined in the application notes—and not an "aggravated felony" as statutorily defined—to qualify for a 16-level enhancement.

The plain language of the guideline so demonstrates.[4] Although the phrase

---

4. The district court's interpretation and application of the sentencing guidelines is reviewed de novo. In interpreting the Sentencing Guidelines, traditional canons of statutory construction are applied. *United States v. Gonzalez*, 262 F.3d 867, 869 (9th Cir.2001). Where the language of a guideline or application note is unambiguous, the plain meaning is controlling. *See, e.g., United States v. Mal-*

*ley*, 307 F.3d 1032, 1034 (9th Cir.2002) (beginning its interpretation of U.S.S.G. § 5C1.1 Application Note 6 with a plain-meaning analysis).

Because we find that Sentencing Guideline § 2L1.2 and its associated application note are not ambiguous, we need not apply the "rule of lenity," under which a statutory am-

"crime of violence" appears in both the statute and the new guideline, the new guideline takes care to include its own definition. Significantly, the guideline definition is different from the statutory definition of that phrase. Each definition works well within its respective regime.[5] This is the key to analysis herein.

*First,* the new guideline calls for a 16–level enhancement for "a *felony* that is ... a crime of violence." U.S.S.G. § 2L1.2(b)(1)(A) (2001) (emphasis added). It does *not* specify an "aggravated felony." In contrast, a few sentences later, regarding the eight-level enhancement, the guideline refers to a "conviction for an *aggravated* felony." U.S.S.G. § 2L1.2(b)(1)(C) (2001) (emphasis added). This difference in terminology seems intentional. Indeed, both terms—"felony" and "aggravated felony"—are separately defined in the application notes. U.S.S.G. § 2L1.2 cmt. n. 1(B)(iv) and n. 2. The Commission's studied distinction between "felony" and "aggravated felony" must be deemed to have been deliberate.

*Second,* the new guideline includes its own definition of "crime of violence." Under the new guideline, that term means "an offense ... that has as an element the use, attempted use, or threatened use of physical force against the person of another ..." U.S.S.G. § 2L1.2 cmt. n. 1(B)(ii)(I) (2001). Nothing in this definition requires that the prior offense have received a sentence in excess of a year or, for that matter, any custody term at all. This is markedly different from the statutory definition. The statute and the guideline simply adopted their own definitions of the

same term. Each definition works satisfactorily within its context.

Defendant argues that a plain reading of the amended guideline should not be employed because it thwarts the obvious purpose of the amended guideline as reflected in the Commission's "Reason for Amendment." The "Reason for Amendment" was published in the supplement to Appendix C of the Sentencing Commission Guidelines Manual. It notes:

> This amendment responds to concerns raised by a number of judges, probation officers, and defense attorneys, particularly in districts along the southwest border between the United States and Mexico, that § 2L1.2 (Unlawfully Entering or Remaining in the United States) sometimes results in disproportionate penalties because of the 16–level enhancement provided in the guideline for a prior conviction for an aggravated felony. The disproportionate penalties result because the breadth of the definition of "aggravated felony" provided in 8 U.S.C. § 1101(a)(43), which is incorporated into the guideline by reference, means that a defendant who previously was convicted of murder, for example, receives the same 16–level enhancement as a defendant previously convicted of simple assault. The Commission also observed that the criminal justice system has been addressing this inequity on an ad hoc basis in such cases by increased use of departures.

> This amendment responds to these concerns by providing a more graduated sentencing enhancement of between 8 levels and 16 levels, depending on the

biguity is interpreted in favor of a criminal defendant. *United States v. Pearson,* 321 F.3d 790, 791 (9th Cir.2003) ("The rule of lenity may apply only when a statute remains ambiguous after resort to canons of statutory construction").

5. Similarly, other definitions of the term "crime of violence" are used in the federal criminal code in other contexts, for instance under the Bail Reform Act. *See, e.g.,* 18 U.S.C. § 3156(a)(4).

seriousness of the prior aggravated felony and the dangerousness of the defendant. In doing so, the Commission determined that the 16–level enhancement is warranted if the defendant previously was deported, or unlawfully remained in the United States, after a conviction for certain serious offenses, specifically, a drug trafficking offense for which the sentence imposed exceeded 13 months, a felony that is a crime of violence, a felony that is a firearms offense, a felony that is a national security or terrorism offense, a felony that is a human trafficking offense, and a felony that is an alien smuggling offense committed for profit. Other felony drug trafficking offenses will receive a 12–level enhancement. All other aggravated felony offenses will receive an 8–level enhancement.

U.S.S.G. app. C, Amendment 632 (2001).

Our plain-language construction of the amended guideline is not in direct conflict with this statement. The Reason for Amendment states "that the 16–level enhancement is warranted if the" defendant's prior offense is "a conviction for certain serious offenses, specifically . . . a felony that is a crime of violence." Once again the Commission refers to a "felony," not an "aggravated felony," in connection with its use of "crime of violence." [6]

Defendant contends the Reason for Amendment should be read to prohibit any higher enhancement than would have applied under the old guideline. We disagree. One reason for the amendment was to provide "a more graduated sentencing enhancement of between 8 and 16 levels." U.S.S.G. app. C., Amendment 632 (2001). But this does not rule out the possibility that some priors would deserve greater enhancement than had been true under the former guideline. The Reason for Amendment states that the new approach also graduates the enhancements "depending on the . . . dangerousness of the defendant." *Ibid.* The Commission might well have concluded that certain crimes of violence warranted greater or lesser enhancements without regard to the actual sentence previously imposed. In this regard, certain "crime of violence" offenses, which under the old guideline received a 16–level enhancement, now receive a *lesser* enhancement under the amended guideline. For example, under the old guideline, property offenses that were considered crimes of violence under 18 U.S.C. § 16(a), were considered aggravated felonies subject to a 16–level enhancement. The new guideline's definition of "crime of violence" excludes such property offenses from the ambit of offenses that qualify for a 16–level enhancement.[7]

---

**6.** Defendant also focuses on the use of the phrase "other aggravated felony offenses" in the last sentence of the Reason for Amendment. This appears to have been included because under the amended guideline *certain* statutory "aggravated felonies" receive a 16–level enhancement. *Compare, e.g.,* U.S.S.G. § 2L1.2(b)(1)(A)(iii) (relating to firearms offenses) *with* 8 U.S.C. § 1101(a)(43)(E)(ii) (relating to firearms offenses). The Reason for Amendment thereby specifies that all others receive an eight-level enhancement. For crimes of violence, however, a specific guideline definition was provided in the application note. U.S.S.G. § 2L1.2 cmt. n. 1(B)(ii)(I) (2001).

**7.** The first half of the guideline definition of "crime of violence" mirrors Section 16(a)'s statutory definition except it excludes crimes against property. 18 U.S.C. § 16(a), in defining a "crime of violence," includes "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another." In contrast, the application note states that "Crime of violence . . . means an offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 2L1.2 cmt. n. 1(B)(ii)(i) (2001). Likewise, Section 16(b)'s catch-all

In this way, the definition of "crime of violence" for which a 16–level enhancement is now applied was, in fact, narrowed by the amendment.[8] In contrast, the use of force against a *person* was considered sufficiently dangerous to warrant 16 levels regardless of the actual sentence previously imposed. This comports with the stated rationale for the guideline amendment.[9]

Furthermore, our plain-language interpretation does not clearly contradict the Reason for Amendment with regard to "simple assault" convictions, though it creates an arguably unintended consequence. The Reason for Amendment explains the Commission's intention to correct disproportionate results created by the old guideline where both "simple assault" and "murder" received the same 16–level enhancement. Defendant argues that our interpretation, under which a prior "simple assault" may give rise to a 16–level enhancement, frustrates this goal. Defendant's analysis is correct that under the plain language of the new sentencing guideline a "simple assault" conviction—which may meet the application note's definition of "crime of violence" because it involves the "use of force" against a person—may still be subject to a 16–level enhancement. As we read the new guideline, however, the stated goal will be achieved in the sense that fewer simple assaults will receive a 16–level enhancement. A "simple assault" *misdemeanor* conviction for which the term of imprisonment was exactly one year may meet the statutory definition of an "aggravated felony" as a crime of violence. *United States v. Gonzalez–Tamariz*, 310 F.3d 1168, 1171 (9th Cir.2002), *as amended* (9th Cir. Jan. 13, 2003). Under the old guideline, such a "simple assault" would have received a 16–level enhancement as an "aggravated felony." Under the amended guideline, in contrast, a "simple assault" conviction will receive a 16–level enhancement *only if* it is a conviction for a *felony*, as that term is defined in the application note without regard to the actual sentence imposed. *See* U.S.S.G. § 2L1.2 cmt. n. 1(B)(iv) (2001). Thus, the Reason for Amendment therefore does not contradict the plain language of the amended guideline in this regard. *Patenaude v. Equitable Life Assurance Soc'y of the United States*, 290 F.3d 1020, 1025 (9th Cir.2002) (absent a clearly-expressed legislative intent to the contrary, the plain-language interpretation controls). To the extent any residual conflict remains, the plain language used in the guideline and the application note must control. Any unintended consequence will

provision that sweeps in broadly "any offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" is not included in the amended guideline's definition. 18 U.S.C. § 16(b).

8. The Fifth Circuit noted this in *United States v. Vargas–Duran*, 319 F.3d 194, 197 n. 5 (5th Cir.2003): "[T]he 2001 amendment to § 2L1.2 narrowed the definition of 'crime of violence' for purposes of the 16–level enhancement by replacing the definition in § 16 with that in Application Note 1(B)(ii)."

9. Under our plain-language interpretation of amended Sentencing Guideline § 2L1.2(b), certain predicate offenses do qualify for a *greater* enhancement level than under the old guideline. For instance, a defendant with a prior "crime of violence" felony involving the "use of force" "against a person" for which a sentence of less than one year was imposed will receive a 16–level enhancement under the amended guideline. Under the old guideline, such an offense would not have qualified for a 16–level enhancement because it would not have satisfied the "crime of violence" aggravated-felony definition in 8 U.S.C. § 1101(a)(43)(F). As stated earlier, however, the Reason for Amendment did not indicate a clear intention that in *no* instance should the amendment increase the applicable enhancement level.

have to be corrected by the Commission itself.

In sum, we hold that the district court was correct in holding that defendant's prior conviction for "assault, in violation of court order" could give rise to a 16–level enhancement even though no jail time was imposed for that conviction.

## II.

Defendant argues that the district court erred in imposing a "crime of violence" enhancement predicated on his prior conviction for "assault, in violation of court order" because it lacked proper evidence of the statute of conviction. He maintains that his core prior offense—assault—may not have even been a felony and may have constituted negligent conduct or misdemeanor assault, in which case it would not be considered a "crime of violence." We agree that because the government did not provide evidence of the statute of prior conviction, remand for resentencing is required.

■ "Issues not presented to the district court cannot generally be raised for the first time on appeal." *United States v. Robertson,* 52 F.3d 789, 791 (9th Cir.1994). Nevertheless, where a party fails to raise an objection below, an appellate court may entertain such an objection "when plain error has occurred and an injustice might otherwise result." *United States v. Flores–Payon,* 942 F.2d 556, 558 (9th Cir. 1991). Under a plain error analysis, the court may reverse when (1) there was actual error; (2) the error was plain (i.e. "clear" or "obvious"); and (3) the error affected the defendant's "substantial rights." *United States v. Olano,* 507 U.S.

725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). The defendant bears the burden of demonstrating that the error prejudiced his rights. *Id.* at 734, 113 S.Ct. 1770. After he establishes such, the court should correct the error only if it "seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 736, 113 S.Ct. 1770 (internal quotation marks omitted).[10]

■ Under *Taylor v. United States,* 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), the actual statute of prior conviction must be supplied to the district court by the government whether or not anyone objects to its absence:

> Under [the categorical approach in] *Taylor,* federal courts do not examine the facts underlying the prior offense, but look only to the fact of conviction and the statutory definition of the prior offense. If the statute criminalizes conduct that would not constitute an aggravated felony under federal sentencing law, then the conviction may not be used for sentence enhancement unless the record includes documentation or judicially noticeable facts that clearly establish that the conviction is a predicate conviction for enhancement purposes.

*Corona–Sanchez,* 291 F.3d at 1203 (internal quotation marks and citations omitted).

The Ninth Circuit has not yet applied the categorical approach to newly-amended Sentencing Guideline § 2L1.2 (2001), under which, as discussed above, certain prior felony convictions qualify for a 16–level enhancement regardless of their eligibility as statutory-aggravated felonies. Recently, however, we applied a *Taylor* analysis to the imposition of a sentencing enhancement pursuant to the sentencing

---

10. The parties dispute the correct standard of review for defendant's argument that the district court erred in applying a 16–level "crime of violence" enhancement where defendant's prior core offense was not a felony. Because we find that reversal is required even under a plain-error review, we need not resolve this dispute.

guideline for career offenders, U.S.S.G. § 4B1.1. *United States v. Shumate*, 329 F.3d 1026, 1029 (9th Cir.2003) (examining whether the defendant's prior offense was a felonious controlled-substance offense for guideline purposes). Additionally, the Fifth Circuit has applied the *Taylor* categorical approach to the application of the 16–level "crime of violence" enhancement under § 2L1.2(b)(1)(A)(ii). *Vargas–Duran*, 319 F.3d at 196–97 (holding that because the prior crime of "intoxication assault has as an element the use of force against the person of another," any violation of it qualifies as a "crime of violence"). Accordingly, we hold that *Taylor's* categorical approach applies to the determination of whether a defendant's prior offense constitutes a "crime of violence" for purposes of U.S.S.G. § 2L1.2(b)(1)(A)(ii) (2001).

■ The government concedes that it failed to supply the necessary information for the district court to conduct a *Taylor* analysis. The district court ruled that the prior offense was a crime of violence based only on the facts recited in the PSR. The PSR, however, did not list the statute of conviction and the government admits it provided no judicially-noticeable evidence to establish the statute of conviction. The government argues that because defendant failed to assert during sentencing that his prior offense was not a "crime of violence" felony, it was deprived of the opportunity to collect judicially-noticeable documents to address his claim. This is incorrect. It was the government's burden to prove sentencing enhancements and to establish unequivocally under the modified categorical approach as articulated by us in *Corona–Sanchez, see* 291 F.3d at 1211, that Pimentel–Flores's prior conviction amounted to a crime of violence. *United States v. Matthews*, 278 F.3d 880, 885 (9th Cir.2002) (en banc), *cert. denied*, 535 U.S. 1120, 122

S.Ct. 2345, 153 L.Ed.2d 173 (2002). The government should have been aware of its obligation to provide the district court with more than a factual description in a PSR upon which to rely:

> The district court could have found the factual predicate for [the statute of conviction] from a variety of sources, including the statutes of conviction themselves, copies of the judgments of conviction, or other documentary evidence that clearly establishes the statutes under which Matthews was convicted or the elements of those statutes. The district court could not rely merely on the PSR, however, at least not in a case like this, where the PSR did not specify the statutes of conviction. It nevertheless did so. This was error.

*Matthews*, 278 F.3d at 885 (internal quotation marks and citations omitted). "To be sure, in this circuit, district courts may not rely exclusively on the charging documents or the presentence report as evidence of a prior conviction." *United States v. Chavaria–Angel*, 323 F.3d 1172, 1176 (9th Cir. 2003). We can understand the frustration of district judges who sentence a defendant on a record to which no objection was made only to have to later revisit the matter because the government failed to do its job. Relying solely on the factual description in the PSR, however, was plain error.

Whether on this record defendant met his burden of demonstrating that his substantial rights were affected is, however, a closer question. But we are convinced there is a plausible prospect that the outcome might have been different had the government done its job. Defendant states that despite the PSR's denotation of a prior "felony," his prior core conviction may actually have been a misdemeanor which was then elevated to a felony solely

due to a state-law enhancement based on violation of a court order. We have held in the past that state sentencing enhancements raising misdemeanors to felonies cannot be considered in determining whether a prior conviction is an "aggravated felony." Instead, the court must examine the statute under which a defendant was convicted for his core offense. *Corona–Sanchez*, 291 F.3d at 1209–10. The same logic would apply to the determination of whether a defendant's prior offense was a "felony."

At oral argument, defendant's counsel proffered that the statute of conviction for defendant's prior "assault, in violation of a court order" was Revised Code of Washington § 26.50.110(4). Under this statute for violation of a court order, defendant's core assault offense seems to have been either a third- or fourth-degree assault under Washington state law. A third- or fourth-degree assault would not have qualified for a crime-of-violence enhancement under *Taylor's* categorical approach because both statutes prohibited conduct falling short of crimes of violence within the meaning of the guideline.[11] For instance, assault in the third degree under Washington law proscribed negligent assault. Moreover, a fourth-degree assault might only have been a misdemeanor assault punishable by a maximum term of one-year imprisonment, which would not have qualified under the guideline as a "crime of

violence" "felony." These are not clear-cut conclusions but only plausible possibilities to be critically assessed on remand.

For these reasons, remand is appropriate. On resentencing, the burden is on the government to submit judicially-noticeable documents demonstrating the prior statute of conviction. "[I]t makes little sense for us to direct the district court to determine whether the state statutes of conviction meet *Taylor's* requirements, but not to allow the government to establish which statutes the district court should consider." *Matthews*, 278 F.3d at 889. The district court should determine on an open record under what statute defendant was convicted and whether his core prior offense was a felony that now qualifies as a "crime of violence" within the meaning of U.S.S.G. § 2L1.2(b)(1)(A)(ii) (2001) and its application note.

## CONCLUSION

For the foregoing reasons, we REVERSE and REMAND for the district court to conduct a *Taylor* analysis on an open record upon resentencing.

---

11. "When the statute of conviction does not facially qualify as an aggravated felony under federal sentencing law," the sentencing court should have examined the record for "documentation or judicially noticeable facts that

clearly establish that the conviction is a predicate conviction for enhancement purposes" under the "modified categorical approach." *Corona–Sanchez*, 291 F.3d at 1211 (internal quotation marks omitted).