**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Salvador MARTINEZ–LOPEZ, Defendant—Appellant.**

No. 03–10048.

D.C. No. CR–02–01527–JMR.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 12, 2004.*

Decided Jan. 16, 2004.

Maria Davila, USTU–Office of the U.S. Attorney, Evo A. DeConcini, U.S. Court-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

house, Tucson, AZ, Robert E. Lindsay, Washington, DC, Plaintiff–Appellee.

Leslie A. Bowman, Tucson, AZ, for Defendant–Appellant.

Before BEEZER, HALL and SILVERMAN, Circuit Judges.

## MEMORANDUM**

Salvador Martinez–Lopez appeals the sentence imposed following his guilty plea to illegal reentry after deportation in violation of 8 U.S.C. § 1326(a), with a sentencing enhancement pursuant to 8 U.S.C. § 1326(b)(2).

In *United States v. Pimentel–Flores*, 339 F.3d 959, 963–67 (9th Cir.2003), we held that under recent amendments to the sentencing guidelines, a "crime of violence" need only be a "felony" as defined in the application notes—and not an aggravated felony as statutorily defined—to qualify for a 16–level enhancement. As both parties agree, *Pimentel–Flores* controls this case. Martinez–Lopez states that he presents the issue merely to preserve it should ensuing Supreme Court precedent alter the legal landscape. Accordingly, the district court did not err in applying a 16–level enhancement here.[1]

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because we conclude that the only issue raised by Martinez–Lopez is foreclosed, we do not address the government's contention that Martinez–Lopez has waived his right to appeal.