UNITED STATES of America,
Plaintiff—Appellant,

v.

Sergio ROSALES–VALDEZ, aka Sergio
Rosales–Valdes aka Sergio Rosales
Valdez, Defendant—Appellee.

No. 03–10432.

D.C. No. CR–03–00087–RCC/CRP.

United States Court of Appeals,
Ninth Circuit.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Submitted Feb. 17, 2004.*

Decided Feb. 24, 2004.

Christina M. Cabanillas, Claire Kiehl Lefkowitz, Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellant.

Jason M. Hannan, Federal Public Defender's Office, Tucson, AZ, for Defendant–Appellee.

Before FERNANDEZ, W. FLETCHER and TALLMAN, Circuit Judges.

MEMORANDUM**

The United States appeals the sentence imposed upon Sergio Rosales–Valdez following his guilty plea to illegal reentry after deportation in violation of 8 U.S.C. § 1326.

The United States contends that Rosales–Valdez should have received a 16–level enhancement to his sentence, pursuant to U.S.S.G. § 2L1.2(b)(1)(A), because under *United States v. Pimentel–Flores*, 339 F.3d 959 (9th Cir.2003), his prior conviction for attempted aggravated assault in violation of Ariz.Rev.Stat. § 13–1001 was a "crime of violence." Rosales–Valdez concedes that the holding of *Pimentel–Flores*, which was decided after he was sentenced, forecloses his argument that his prior conviction must first meet the definition of an "aggravated felony" before serving as the basis for a 16–level enhancement. He states that he presents the issue to preserve it should ensuing Supreme Court

precedent alter the legal landscape. The sentence is vacated, and on remand the district court is directed to impose a 16–level sentencing enhancement for his prior "crime of violence" conviction when resentencing Rosales–Valdez.

**VACATED AND REMANDED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

