**UNITED STATES OF AMERICA,**
Plaintiff—Appellee,

v.

**Gilbert L. LERMA, also known as Smokey Lerma, Defendant— Appellant.**

**No. 03–10607.**

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2004.*

Decided June 21, 2004.

Tom Simon, U.S. Attorney Office, Phoenix, AZ, for Plaintiff–Appellee.

Javier Chon–Lopez, Asst.Fed.Pub.Def., FPDAZ–Federal Public Defender's Office, Tucson, AZ, for Defendant–Appellant.

Before: HALL, LEAVY and FISHER, Circuit Judges.

MEMORANDUM **

Gilbert L. Lerma appeals the sentence imposed following his guilty plea for assault with a dangerous weapon in violation of 18 U.S.C. §§ 1153 and 113(a)(3).

■ First, Lerma contends that his waiver of his appellate rights in the written plea agreement is not enforceable because the district court advised him at the plea hearing that he retained his right to appeal his sentence. Specifically, the district court told Lerma that he had given up his right to appeal his sentence only "as long as your sentence is consistent with your plea agreement and the United States Sentencing Guidelines." We conclude that Lerma's appeal waiver is not enforceable under our holding in *United States v. Buchanan*, 59 F.3d 914, 917–18 (9th Cir.1995) (the district court's "oral

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

pronouncements must control"), and turn to the merits of Lerma's sentencing issue.

■ Second, Lerma contends, and the government agrees, that the district court erred in ruling that Lerma's prior Arizona conviction for aggravated assault was a crime of violence for career offender purposes, where that determination was based solely on a factual description in the presentence report. We agree that the district court's reliance solely on the factual description in the presentence report was plain error, *United States v. Pimentel–Flores,* 339 F.3d 959, 968 (9th Cir.2003), and remand. On resentencing the "burden is on the government to submit judicially-noticeable documents demonstrating the prior statute of conviction." *Id.* at 969.

We REVERSE and REMAND for the district court to conduct a *Taylor v. United States,* 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), analysis on an open record upon resentencing.