**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Jose Alejandro CEDEÑO–CAMARGO,
Defendant—Appellant.**

**No. 02–10527.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 18, 2004.[*]

Decided June 22, 2004.

---

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

[*] This panel unanimously finds this case suit-

Christina M. Cabanillas, Wallace H. Kleindienst, AUSA, Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Gail Gianasi Natale, Esq., Law Office of Gail Gianasi Natale, Phoenix, AZ, for Defendant–Appellant.

Before: GOODWIN, HUG, and TALLMAN, Circuit Judges.

## MEMORANDUM **

Appellant Jose Alejandro Cedeño–Camargo ("Cedeño") was convicted by a jury of violating 18 U.S.C. § 876, which prohib-

its the mailing of a communication containing a threat to injure. Cedeño appeals from the district court's denial of his Motion for Judgment of Acquittal. We affirm.

The facts of this case are known to the parties and we restate them here only as necessary. Attorney Julie Duvall represented Cedeño on two separate occasions, in 1996 and 1998, after he was arrested and charged with illegal reentry after deportation. Cedeño was arrested a third time in 1999, and called Duvall to ask her to represent him. She refused, and later refused Cedeño's requests to borrow money. In March, 2000, Cedeño began calling Duvall repeatedly, up to twenty-five times a day, as well as sending letters stating that he would report her to judges and to the Arizona Bar Association. From July 2001, Cedeño's phone calls and mailings included sexually explicit statements and materials, including pornographic pictures and statements about sexual acts Cedeño said he would commit on, or with, Duvall.

The mailing which was the subject of the indictment in this case was sent on December 26, 2000 ("the mailing"). The mailing contained pornography and a letter stating in Spanish, "For the sluttiest attorney in Tucson, Arizona. Let's see when you send me the legal papers. I'll see you in Rocky Point to suck your little ass and stick my dick in your mouth, honey Julie." The mailing also included names and contact information of state and federal judges and persons in Duvall's office building. Cedeño's Rule 29 motion for judgment of acquittal was presented and orally denied at trial on June 25, 2002, at the close of the prosecution's case. The jury submitted its guilty verdict on June 27, 2002.

able for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

"When, as in this case, a claim of sufficiency of the evidence is preserved by making a motion for acquittal at the close of the evidence, this court reviews the district court's denial of the motion de novo." *United States v. Carranza,* 289 F.3d 634, 641 (9th Cir.2002) (citing *United States v. Munoz,* 233 F.3d 1117, 1129 (9th Cir.2000)). This court applies the same standard applied by the district court, and must determine whether, "viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (emphasis in original). "All reasonable inferences must be drawn in favor of the government and any conflicts in the evidence must be resolved in favor of the jury's decision."[1] *United States v. Laykin,* 886 F.2d 1534, 1539 (9th Cir.1989) (citing *United States v. Fleishman,* 684 F.2d 1329, 1340 (9th Cir. 1982)).

Cedeño argues that there was insufficient evidence to find that he sent a threatening communication, or that he acted with specific intent to threaten Duvall by sending the mailing. Both of his arguments are unavailing. A threat is "an expression of an intention to inflict evil, injury, or damage on another." *United States v. Orozco–Santillan,* 903 F.2d 1262, 1265 (9th Cir.1990) (quoting *United States v. Gilbert,* 884 F.2d 454, 457 (9th Cir.1989)). This court employs an objective standard in determining whether a particular statement is a "serious expression of intent to harm," and considers a statement's "entire factual context, including the surrounding events and reaction of the listeners." *Id.* (citing *United States v. Mitchell,* 812 F.2d

1250, 1255–56 (9th Cir.1987)). On its face, the mailing expresses an intent to commit sexual acts on Duvall, and followed months of harassing phone calls and letters. There was sufficient evidence for a rational trier of fact to find that the statement was a threat.

Cedeño's second argument, that the government failed to proffer sufficient evidence to show that he acted with specific intent to threaten, was not raised in his original motion. We decline to address this issue, raised for the first time on appeal, because there is no clear error and no injustice will result. *See United States v. Pimentel–Flores,* 339 F.3d 959, 967 (9th Cir.2003). The government argues that Cedeño–Camargo waived this challenge by failing to raise it below. Regardless of waiver, the argument lacks merit. There was substantial evidence that Cedeño–Camargo was angry with Duvall. The fact that the letter was threatening on its face and the defendant's history of harassing Duvall support the inference that he at least intended to intimidate Duvall. *See United States v. Twine,* 853 F.2d 676, 680 (9th Cir.1988) (discussing that intent to threaten required by § 876 does not require intent to carry out threat).

AFFIRMED.

---

1. This deferential standard is appropriate because Cedeño–Camargo has not raised a constitutional challenge to his convictions. He has not argued that his conviction violated the First Amendment, so we need not employ the less deferential de novo standard of review.