UNITED STATES of America,
Plaintiff—Appellee,

v.

Ramiro TAMAYO–TAPIA, Defendant—Appellant.

No. 03–10633.

D.C. No. CR–03–00066–HDM.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 11, 2004.*

Decided Aug. 16, 2004.

Sue P. Fahami, Robert Don Gifford, II, Assistant United States Attorney, United States Attorney's Office, Reno, NV, for Plaintiff–Appellee.

Michael K. Powell, Federal Public Defender's Office, Reno, NV, for Defendant–Appellant.

Before PREGERSON, KOZINSKI, and HAWKINS, Circuit Judges.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM**

Tamayo–Tapia claims that the district court's enhancement of his sentence was improper because a "crime of violence," as used in USSG § 2L1.2(b)(1)(A)(ii), must also be an "aggravated felony," as defined in 8 U.S.C. § 1101(a)(43)(F). We rejected this premise in *United States v. Pimentel–Flores*, 339 F.3d 959, 963 (9th Cir.2003) ("[A] crime of violence needed only to be a felony as defined in the application notes-and not an aggravated felony as statutorily defined-to qualify for a 16–level enhancement." (internal quotations marks omitted)).

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

