**Joshua Lee RENNELLS, Petitioner—Appellant,**

v.

**Brian BELLEQUE, Respondent—Appellee.**

No. 04–35865.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 12, 2005.

Decided Oct. 26, 2005.

also argued that his adult court attorney failed to investigate and properly advise him about several aspects of his guilty plea. The district court rejected Rennells' ineffective assistance of counsel claims, and we affirm.

Because the parties are familiar with the facts and procedural history, we recount these only as necessary to understand our decision.

Under the Anti–Terrorism and Effective Death Penalty Act (AEDPA), when reviewing a state criminal conviction a federal court may grant a writ of habeas corpus only if the state court proceeding "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed to be correct unless the petitioner rebuts the presumption with clear and convincing evidence. *Id.* § 2254(e)(1).

The Supreme Court has recognized that "[a]n ineffective assistance claim has two components: A petitioner must show that counsel's performance was deficient, and that the deficiency prejudiced the defense." *Wiggins v. Smith,* 539 U.S. 510, 521, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003). In evaluating performance, the question is whether "counsel's representation fell below an objective standard of reasonableness." *Strickland v. Washington,* 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). On the prejudice prong, the petitioner must show that "there is a reasonable probability that, but

Stephen R. Sady, Esq., Federal Public Defender's Office, Portland, OR, for Petitioner–Appellant.

Lester R. Huntsinger, Office of the Oregon Attorney General, Salem, OR, for Respondent–Appellee.

Before: FISHER, GOULD, and BEA, Circuit Judges.

## MEMORANDUM *

Petitioner–Appellant Joshua Lee Rennells (Rennells) appeals the district court's denial of his petition for writ of habeas corpus. In his federal habeas petition Rennells, who pled guilty in Oregon state court to one count of felony murder for his role in the stabbing death of Jon Beckerich, argued that he received ineffective assistance of counsel from both his juvenile court and adult court attorneys. Rennells, who was fourteen years old when the crime was committed, argued that his juvenile court attorney should have filed a motion to suppress his confession because his parents were not notified of his arrest or present during his confession. Rennells

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

for counsel's unprofessional errors, the results of the proceeding would have been different." *Id.* at 694, 104 S.Ct. 2052.

The State contends, raising the issue for the first time on appeal, that Rennells waived his right to litigate issues about his juvenile court proceedings because he later pled guilty in adult court. However, we generally will not consider issues raised for the first time on appeal, *United States v. Pimentel–Flores,* 339 F.3d 959, 967 (9th Cir.2003), and Rennells asks us to apply this principle in order to permit assessment of his claims relating to the juvenile proceeding. We need not resolve this procedural issue because, even if we consider the ineffective assistance of counsel claims stemming from the juvenile proceedings, we have determined that Rennells shows no grounds for habeas relief.

Rennells claims that his juvenile counsel should have filed a motion to suppress his confession, but "counsel cannot have been ineffective for failing to raise a meritless objection." *Juan H. v. Allen,* 408 F.3d 1262, 1273 (2005). A motion to suppress a confession should be granted if the confession was coerced; "[u]nder the Fifth Amendment, a confession is coerced or involuntary if 'the defendant's will was overborne at the time he confessed.'" *Id.* (quoting *Lynumn v. Illinois,* 372 U.S. 528, 534, 83 S.Ct. 917, 9 L.Ed.2d 922 (1963)). The United States Supreme Court has directed that a totality of the circumstances test be used to determine whether there was coercion. *Schneckloth v. Bustamonte,* 412 U.S. 218, 226, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973).

■ Rennells argues that his statement was coerced because his parents were neither notified of his arrest nor present during his confession. However, Rennells does not cite to, and we have not found, a Supreme Court case requiring parental notification before obtaining a confession. In the absence of "clearly established Federal law, as determined by the Supreme Court of the United States," we may not conclude that the state court was in error in holding that Rennells did not receive ineffective assistance of counsel at the juvenile court level because his parents were not notified of his arrest. 28 U.S.C. § 2254(d).

■ Additionally, Rennells claims that other factors, including the sophistication of the interrogation, his known substance abuse, his age, and his inexperience with the criminal justice system support the contention that his confession was coerced. These specific issues were not raised in the district court or in the state courts, and the State argues that we should not address them here. Rennells responds that, under *United States v. Pallares–Galan,* 359 F.3d 1088, 1095 (9th Cir.2004), these issues are arguments in support of an ineffective assistance of counsel claim that was asserted below. We need not decide whether Rennells' assertions are new, unexhausted claims or rather are arguments in support of a prior claim because even considering these assertions the record does not support a finding that the detectives coerced Rennells through the use of sophisticated interrogation practices aimed at exploiting Rennells' youth, inexperience, or substance abuse problems. Rennells may have cooperated and made his statement because of his mistaken belief that he could not be held criminally liable for his actions. But, without more, he has not shown that his will was "overborne at the time he confessed." *Lynumn v. Illinois,* 372 U.S. 528, 534, 83 S.Ct. 917, 9 L.Ed.2d 922 (1963). We reject the claim that it was ineffective assistance of counsel for Rennells' juvenile court counsel not to file a motion to suppress because such a motion would have been without merit.

Rennells argues that, in addition to the claim of ineffective assistance of counsel he alleged occurred at the juvenile court level, he suffered ineffective assistance of counsel in his adult court plea negotiations. He argues that the plea agreement contained inaccurate information about the post-prison supervision term, that the State's promise not to reindict for aggravated murder was illusory, that an upward departure was not warranted, that dismissal of other charges had little or no effect, that trial counsel assured him he would serve out his sentence in a juvenile facility, and that the plea agreement did not contain a description of the crime. The district court concluded that the claims regarding the inaccurate post-prison supervision term and the promise that he would serve his time in a juvenile facility were without merit. The district court also held that the remaining claims, regarding the allegedly illusory promise not to reindict for aggravated murder, the upward departure, the dismissal of other charges, and the lack of description of the crime in the plea agreement were procedurally defaulted. We need not resolve the procedural default issue because we conclude that, in any event, each of Rennells' arguments as to counsel's ineffectiveness lacks merit.

First, Rennells' plea agreement initially called for a post-prison supervision term of three years, whereas the term identified by the prosecutor at Rennells' plea hearing was actually for life. Rennells did not object to the change when he was asked by the court if he had any questions, and his silence following the correction, before the plea was entered, weakens his contention. Rennells does not present any evidence, let alone the "clear and convincing" evidence required, sufficient to show that the finding by the state courts that he was not misadvised was in error.

Second, Rennells fails to show that the promise not to reindict for aggravated murder was illusory. *See Oregon v. Nefstad*, 309 Or. 523, 789 P.2d 1326, 1340 (1990) (the defendant need not personally inflict the fatal blow in order to be held liable for aggravated felony murder). The record contains evidence that Rennells prompted his co-defendant to cut the victim's neck, so a grand jury could have concluded that Rennells acted "personally" in bringing about the victim's death.

Third, the record supports an upward departure based on the use of a knife, Rennells' involvement in "unrelated criminal activity," his substance abuse, and his intoxication on the night of the incident. Rennells' counsel did not erroneously advise him about potential aggravating and mitigating sentencing factors.

Fourth, Oregon law allows the imposition of consecutive sentences for separate convictions, even if the different offenses arise out of "a continuous and uninterrupted course of conduct." Or.Rev.Stat. § 137.123(5) (2003). A court may impose a consecutive sentence if there "was an indication of defendant's willingness to commit more than one criminal offense." *Id.* Because Rennells could have been given consecutive sentences for the crimes of robbery and murder, his argument that dismissing the charges conferred no benefit lacks merit.

Fifth, it is undisputed that Rennells began his sentence in a juvenile correctional facility and that sometime later he was transferred to an adult facility, but there is no information in the record detailing the reasons for the transfer. As the district court noted, the transfer could have been for disciplinary reasons, given the evidence of Rennells' chronic disciplinary problems.

Sixth, Rennells cites no authority requiring that the plea agreement contain an accurate factual statement of the crime.

The record developed at sentencing was sufficient to support the conviction.

Because Rennells fails to present the "clear and convincing" evidence necessary for us to disturb the state court determination that he did not receive ineffective assistance of counsel, we reject his claim of ineffective assistance of counsel in connection with his guilty plea.

AFFIRMED.