**UNITED STATES of America,**
Plaintiff—Appellee,

v.

**Francisco Javier PALACIOS–DELAO,**
Defendant—Appellant.

No. 03–10600.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 5, 2005.*

Decided Dec. 12, 2005.

courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

28

Before: GOODWIN, W. FLETCHER and FISHER, Circuit Judges.

## MEMORANDUM **

Francisco Javier Palacios–Delao appeals from the 77–month sentence imposed following his jury trial conviction for unlawful reentry by a deported, removed and/or excluded alien, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand the sentence.

Palacios–Delao contends that the district court plainly erred when it determined that his prior conviction constituted a "crime of violence" under U.S.S.G. § 2L1.2(b)(1)(A)(ii). We agree.

■ It was plain error for the district court to rely solely upon the factual description of the prior conviction in the presentence report ("PSR") in finding that the offense qualified as a crime of violence. *See United States v. Pimentel–Flores*, 339 F.3d 959, 968 (9th Cir.2003). As was the case in *Pimentel–Flores*, the PSR in this case did not list the statute of conviction, and the government did not provide judicially-noticeable evidence to establish the basis for appellant's conviction. *Id.*

■ Appellant's substantial rights were adversely affected by this error. Appellant's prior conviction did not qualify as a crime of violence under the categorical approach set forth in *Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). *See United States v. Matthews*, 374 F.3d 872, 875 (9th Cir.2004) (accepting government's concession that a conviction under Nev.Rev.Stat. 205.060—the same statute of conviction here—"encompasses both dwellings and non-dwellings and therefore does not necessarily contemplate a burglary of a dwelling"). Moreover, because the government provided no judicially-noticeable documents indicating that the building burglarized by appellant was a dwelling, his conviction was not a crime of violence under the "modified categorical" approach outlined in *Taylor*. *See Matthews*, 374 F.3d at 875 & n. 1 (noting, in a preserved error case, that this court may not rely on descriptions in the PSR to determine whether an offense is a burglary of a dwelling for purposes of the modified categorical analysis); *see also Pimentel–Flores*, 339 F.3d at 968–69 (concluding that substantial rights were affected because there was a "plausible prospect" that the outcome might have been different had the government provided ju-

<hr />

dicially-noticeable documents from the prior offense).

We therefore VACATE the sentence and REMAND for resentencing.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.