**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Juan ESCARCEGA–ARELLANO,**
**Defendant—Appellant.**

No. 05–30418.

United States Court of Appeals,
Ninth Circuit.

Submitted July 28, 2006.*

Decided Aug. 1, 2006.

Byron G. Chatfield, USME—Office of the U.S. Attorney, Medford, OR, for Plaintiff–Appellee.

Tonia L. Moro, Esq., FPDO—Federal Public Defender's Office, Medford, OR, for Defendant–Appellant.

Before: GOODWIN, TASHIMA, and GRABER, Circuit Judges.

MEMORANDUM **

Defendant Juan Escarcega–Arellano, a citizen of Mexico, appeals from the sentence imposed after he pleaded guilty to illegal reentry after removal, 8 U.S.C. § 1326(a). On de novo review, *United States v. Rodriguez–Rodriguez*, 393 F.3d 849, 856 (9th Cir.), *cert. denied*, 544 U.S.

---

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1041, 125 S.Ct. 2280, 161 L.Ed.2d 1074 (2005), we reverse and remand for resentencing.

1. Defendant's argument that recent Supreme Court cases undermine *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), is foreclosed by *United States v. Hernandez–Hernandez,* 431 F.3d 1212, 1216 (9th Cir.2005). Equally unavailing is Defendant's contention that, because members of the Supreme Court have expressed some doubt about the continued vitality of *Almendarez–Torres,* we should apply the "doctrine of constitutional avoidance" to his case. Because *Almendarez–Torres* has not been overruled, it resolves the constitutional question at issue here, leaving nothing to avoid.

██ 2. The district court erred, however, in concluding that Defendant's prior conviction for aggravated assault qualified as an "aggravated felony" under 1326(b)(2) because, as the government concedes, the statutory definition requires imprisonment for at least one year, *United States v. Pimentel–Flores,* 339 F.3d 959, 962 (9th Cir.2003), whereas Defendant received only a ten-day sentence.

██ 3. The district court also erred in holding "that the [aggravated assault conviction] is an aggravated felony and that a 16–level enhancement is appropriate." Under the applicable Guidelines, as revised in 2001, only an 8–level enhancement applies to aggravated felonies as defined in the Guidelines. U.S.S.G. § 2L1.2(b)(1)(C); *see also United States v. Menyweather,* 447 F.3d 625, 630 (9th Cir. 2006) (noting that the district court must start from the correct Guideline sentence). The government argues that, because Defendant's prior conviction of aggravated assault qualifies as a "crime of violence" under Sentencing Guideline § 2L1.2(b)(1)(A), the court *could* have imposed the same sentence. But the district court has not had an opportunity to consider this possibility under the proper statutory and Guidelines structure, and it must select a reasonable sentence in the first instance.

Because of these errors of law, and because we cannot tell what sentence the court would have imposed had it correctly understood the statute and the Guidelines, we reverse for resentencing.

REVERSED AND REMANDED.