UNITED STATES of America,
Plaintiff—Appellee,

v.

Alfredo VARGAS–OCHOA,
Defendant—Appellant.

No. 05–10677.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 11, 2006.*

Decided Sept. 15, 2006.

Frederick A. Battista, Ausa, USPX—Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff-Appellee.

David Taylor Shannon, Esq., FPDAZ—Federal Public Defender's Office, Tucson, AZ, for Defendant–Appellant.

Before: PREGERSON, T.G. NELSON and GRABER, Circuit Judges.

MEMORANDUM **

Alfredo Vargas–Ochoa appeals from the district court's judgment imposing a 60–month sentence following his guilty plea to illegal reentry after deportation, in viola-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

tion of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291.

Vargas–Ochoa contends that the district court committed plain error by relying only on the presentence report to apply a 16–level enhancement for his prior conviction for first degree residential burglary, in violation of California Penal Code §§ 459, 460. Specifically, Vargas–Ochoa contends that the government failed to provide sufficient evidence to demonstrate that his prior conviction was a crime of violence under United States Sentencing Guidelines § 2L1.2. We agree.

Because the statute of conviction is broader than the definition of a "crime of violence," *see United States v. Rodriguez–Rodriguez*, 393 F.3d 849, 852 (9th Cir. 2005), and there were no judicially-noticeable documents relied upon by the district court that established a crime of violence under § 2L1.2(b)(1)(A), *see Shepard v. United States*, 544 U.S. 13, 26, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005), application of the 16–level enhancement was plain error. *See United States v. Pimentel–Flores*, 339 F.3d 959, 968 (9th Cir.2003). The government will have the opportunity at resentencing to offer additional judicially-noticeable evidence to support the enhancement. *See United States v. Navidad–Marcos*, 367 F.3d 903, 909 (9th Cir.2004).

**SENTENCE VACATED and RE-MANDED.**