**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Daniel ROJAS–SANDOVAL,
Defendant—Appellant.**

No. 05–10620.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 11, 2006.*

Decided Sept. 15, 2006.

Claire Kiehl Lefkowitz, Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

David Taylor Shannon, Esq., Federal Public Defender's Office, Tucson, AZ, for Defendant–Appellant.

Before: PREGERSON, T.G. NELSON, and GRABER, Circuit Judges.

MEMORANDUM **

Daniel Rojas–Sandoval appeals from the district court's judgment imposing a 57–month sentence following his guilty plea to illegal reentry after deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291.

Rojas–Sandoval contends that the district court committed plain error by relying only on the presentence report to apply a 16–level enhancement for his prior conviction for first degree residential burglary, in violation of California Penal Code §§ 459, 460. Specifically, Rojas–Sandoval contends that the government failed to provide sufficient evidence to demonstrate that his prior conviction was a crime of violence under United States Sentencing Guidelines § 2L1.2. We agree.

Because the statute of conviction is broader than the definition of a "crime of violence," *see United States v. Rodriguez–Rodriguez,* 393 F.3d 849, 852 (9th Cir. 2005), and there were no judicially-noticeable documents relied upon by the district court that established a crime of violence under § 2L1.2(b)(1)(A), *see Shepard v. United States,* 544 U.S. 13, 26, 125 S.Ct.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1254, 161 L.Ed.2d 205 (2005), application of the 16–level enhancement was plain error. *See United States v. Pimentel–Flores,* 339 F.3d 959, 968 (9th Cir.2003). The government will have the opportunity at resentencing to offer additional judicially-noticeable evidence to support the enhancement. *See United States v. Navidad–Marcos,* 367 F.3d 903, 909 (9th Cir.2004).

**SENTENCE VACATED and REMANDED.**