**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Maurilio RIVERA–LARA, Defendant— Appellant.**

**No. 05–30233.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 11, 2006.*

Decided Sept. 15, 2006.

Pamela Jackson Byerly, Esq., USSP— Office of the U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.

Amy H. Rubin, Esq., FPDWA—Federal Public Defender's Office, Spokane, WA, for Defendant–Appellant.

Before: PREGERSON, T.G. NELSON, and GRABER, Circuit Judges.

### MEMORANDUM **

Maurilio Rivera–Lara appeals from his 46–month sentence imposed by the district court following his guilty-plea conviction for being an alien in the United States after deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Rivera–Lara contends that the district court erred in considering his prior conviction for purposes of enhancing his sen-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

tence, in that the fact of the prior offense was neither admitted, nor found by a jury beyond a reasonable doubt. This contention is foreclosed. *See United States v. Weiland,* 420 F.3d 1062, 1079 n. 16 (9th Cir.2005) (noting that we continue to be bound by the Supreme Court's holding in *Almendarez–Torres,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), that a judge may enhance a sentence on the basis of prior convictions, even if the fact of those convictions was not found by a jury beyond a reasonable doubt); *see also United States v. Beng–Salazar,* 452 F.3d 1088, 1091 (9th Cir.2006) (rejecting the contention that the holding of *Almendarez–Torres* is limited to cases where a defendant has admitted his prior convictions during a guilty plea).

Rivera–Lara further argues that his sentence is unreasonable under *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), because he would have been eligible for a fast-track departure pursuant to U.S.S.G. § 5K3.1 in a district with a fast-track program, and the district court declined to sentence him below the Guidelines range on that basis. However, in *United States v. Marcial–Santiago,* 447 F.3d 715, 718–19 (9th Cir. 2006), we held that the disparity between sentences imposed on defendants in districts without fast-track programs and sentences imposed on similarly-situated defendants in fast-track districts does not render a sentence unreasonable. In addition, the record reflects that the district court correctly calculated the Guidelines range, considered factors specified in 18 U.S.C. § 3553(a), and imposed a sentence at the low end of the Guidelines range. We conclude that the sentence was not unreasonable. *See id.* at 719.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

To the extent that appellant contends that the court improperly concluded that his prior state drug conviction constituted an aggravated felony pursuant to 8 U.S.C. § 1326(b)(2), we conclude that Rivera–Lara has not shown that his substantial rights were affected. *See United States v. Pimentel–Flores,* 339 F.3d 959, 968 (9th Cir.2003).

**AFFIRMED.**