**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALEX MONETTE, | No. 09-16095 |
| Petitioner - Appellant, | D.C. No. 3:08-cv-02880-PJH |
| v. | |
| NICK DAWSON, Warden, Avenal State Prison, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Submitted June 15, 2011[**]

Before:     CANBY, O'SCANNLAIN, and FISHER, Circuit Judges.

California state prisoner Alex Monette appeals from the district court's

dismissal of his 28 U.S.C. § 2254 habeas petition as untimely.  We have

jurisdiction under 28 U.S.C. § 2253, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Monette contends that the district court erred by concluding that the AEDPA one-year statute of limitations began to run when his drug possession conviction became final, rather than when the parole board's denial of parole became final on July 6, 2006. He argues that, until the parole board's decision was final, he could not have known the factual basis for the prejudice prong of his ineffective assistance of counsel claim. *See* 28 U.S.C. § 2244(d)(1)(D).

To establish prejudice in a guilty plea case, a petitioner need only show that but for his counsel's alleged erroneous advice, he likely would not have pleaded guilty. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985) ("[I]n order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."). Accordingly, by the time his drug possession conviction became final, Monette knew, or through due diligence could have known, the factual basis for both prongs of his ineffective assistance of counsel claim. *See* 28 U.S.C. § 2244(d)(1)(A) & (D).

We decline to consider Monette's equitable tolling argument because he did not raise that issue before the district court. *See United States v. Pimentel-Flores,* 339 F.3d 959, 967 (9th Cir. 2003) ("Issues not presented to the district court cannot

generally be raised for the first time on appeal") (internal quotation marks and citations omitted).

**AFFIRMED**.

09-16095