**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Israel GOMEZ–ALVAREZ,
Defendant—Appellant.**

**No. 05–10632.**

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 11, 2006.*

Filed Sept. 13, 2006.

Daniel Jon Santander, AUSA, USTU—Office of the U.S. Attorney, Tucson, AZ, for Plaintiff—Appellee.

---

David Taylor Shannon, Esq., FPDAZ—Federal Public Defender's Office, Tucson, AZ, for Defendant—Appellant.

Before: FERNANDEZ, W. FLETCHER, and RAWLINSON, Circuit Judges.

MEMORANDUM **

The parties agree that the crime of false imprisonment under Cal.Penal Code § 236 is not a categorical crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii). *See United States v. Hernandez–Hernandez,* 431 F.3d 1212, 1217 n. 5 (9th Cir.2005). Therefore, the district court plainly erred in relying solely on the facts recited in the presentence report to determine that Gomez–Alvarez's conviction for false imprisonment under Cal.Penal Code § 236 constituted a crime of violence, rather than using the modified categorical approach articulated in *Taylor v. United States,* 495 U.S. 575, 602, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). *See Hernandez–Hernandez,* 431 F.3d at 1217.

Because "there is a plausible prospect that [Gomez–Alvarez's sentence] might have been different" had the district court engaged in a . . . modified categorical analysis to determine whether his false imprisonment conviction constituted a crime of violence, we vacate Gomez–Alvarez's sentence and remand for resentencing on an open record. *See United States v. Pimen-*

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*tel–Flores*, 339 F.3d 959, 968–69 (9th Cir. 2003).

**SENTENCE VACATED AND RE-MANDED FOR RESENTENCING.**

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.