**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Margarito NUNEZ, Defendant–**
**Appellant.**

No. 05–50833.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 12, 2007.[*]

Filed Feb. 20, 2007.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

514

Becky S. Walker, Esq., Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Michael L. Duncan, Esq., Michael L. Duncan Attorney at Law, Riverside, CA, for Defendant–Appellant.

Before: PREGERSON, W. FLETCHER, and BERZON, Circuit Judges.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

## MEMORANDUM **

Margarito Nunez was arrested with a gun at the scene of a methamphetamine transaction between his co-defendant and a government informant. He was convicted at trial of conspiracy to possess with intent to distribute and to distribute methamphetamine in violation of 21 U.S.C. § 846; possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1); and carrying a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c). Nunez now appeals his sentence, arguing that in deciding to impose a sentence above the statutory minimum, the trial judge improperly relied on the characterization of his gun as "cocked and ready to use."

The officer who testified about how Nunez's gun was found at the crime scene described it as having its safety on, its hammer cocked to the rear, and a magazine full of ammunition. Although there was no bullet in the gun's chamber and it was necessary to slide a spring to push a bullet into the chamber prior to firing the gun, the officer testified that the gun could be fired in less than a quarter of a second.

Because Nunez did not raise this issue before the district court, we review the district court's finding for plain error. We can reverse it only "when (1) there was actual error; (2) the error was plain (i.e. 'clear' or 'obvious'); and (3) the error affected the defendant's 'substantial rights.'" *United States v. Pimentel–Flores*, 339 F.3d 959, 967 (9th Cir.2003).

There is no such error here. The characterizations that Nunez challenges— "cocked" and "ready"—were pertinent as indications that the gun could be fired

easily and so was particularly dangerous. The evidence indeed showed that with the magazine full of bullets, the gun could be fired in less than a quarter of a second—essentially, instantaneously. That the additional step of pushing a bullet into the chamber needed to be taken does not detract from the essential thrust of the court's finding. Absent any evidence to the contrary, it was also not plain error for the court to understand the officer's testimony as asserting that the gun was ready to fire, despite the officer's statement that the gun appeared modified to accept a different kind of bullet than when originally manufactured.

The judgment of the district court is **AFFIRMED.**

---

* The Honorable Suzanne B. Conlon, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.