**SENTENCE VACATED and RE-MANDED.**

**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Jesus MADRID–CUEN, Defendant—Appellant.**

No. 05–10668.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 11, 2006.*

Decided Sept. 15, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*   Fed. R.App. P. 34(a)(2).

---

Ronald C. Rachow, Esq., Office of the U.S. Attorney, Reno, NV, for Plaintiff–Appellee.

Cynthia S. Hahn, Esq., Federal Public Defender's Office, Reno, NV, for Defendant–Appellant.

Before: PREGERSON, T.G. NELSON and GRABER, Circuit Judges.

MEMORANDUM **

Jesus Madrid–Cuen appeals from the district court's judgment imposing a 63–month sentence following his guilty plea to illegal reentry after deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291.

■ The government contends that the invited error doctrine precludes us from considering the merits of this appeal, citing appellant's letter to the probation office containing his objections to the presentence report where appellant acknowledged that a 16–level enhancement would be applied to his sentence under United States Sentencing Guidelines § 2L1.2. However, as the letter was not part of the record before the district court, we conclude that the enhancement was not invited error. *See United States v. Perez,* 116 F.3d 840, 845 (9th Cir.1997) (en banc).

■ Madrid–Cuen contends that the district court committed plain error by relying only on the presentence report to apply a 16–level enhancement for his prior conviction for residential burglary, in violation of California Penal Code § 459. Specifically, Madrid–Cuen contends that the government failed to provide sufficient evidence to demonstrate that his prior conviction was a crime of violence. We agree.

Because the statute of conviction is broader than the definition of a "crime of violence," *see United States v. Rodriguez–Rodriguez,* 393 F.3d 849, 852 (9th Cir. 2005), and there were no judicially-noticeable documents relied upon by the district court that established a crime of violence under § 2L1.2(b)(1)(A), *see Shepard v. United States,* 544 U.S. 13, 26, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005), application of the 16–level enhancement was plain error. *See United States v. Pimentel–Flores,* 339 F.3d 959, 968 (9th Cir.2003). The government will have the opportunity at resentencing to offer additional judicially-noticeable evidence to support the enhancement. *See United States v. Navidad–Marcos,* 367 F.3d 903, 909 (9th Cir.2004).

**SENTENCE VACATED and REMANDED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.