**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Jesus MADRID–CUEN, Defendant— Appellant.**

**No. 06–10736.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 14, 2007.

Filed June 25, 2007.

**120**

L.A. White, U.S. Attorney Office, Reno, NV, for Plaintiff–Appellee.

Michael D. Powell, Esq., Federal Public Defender's Office, Reno, NV, for Defendant–Appellant.

Before: BYBEE, M. SMITH, and N.R. SMITH, Circuit Judges.

### MEMORANDUM *

Jesus Madrid–Cuen appeals his 63–month sentence, reimposed following this court's remand, for his conviction of unlawful reentry in violation of 8 U.S.C. § 1326(a). Because the parties are aware of the facts of this case, we do not recount them here. We vacate and remand for resentencing.

Under the modified categorical approach of *Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), the sentencing court is generally permitted to consider an appropriate charging document together with an abstract of judgment to prove that a prior conviction qualifies as a burglary of a dwelling for purposes of the 16–level sentencing enhancement under U.S.S.G. § 2L1.2(b)(1)(A) for a crime of violence. *See United States v. Velasco–Medina*, 305 F.3d 839, 852 (9th Cir.2002).

The complaint filed in the municipal court against Madrid–Cuen is insufficient to prove a prior conviction for burglary of a dwelling under the modified categorical approach. In general, a court may rely on a complaint as a charging document under *Taylor*'s modified categorical approach. *See United States v. Espinoza–Cano*, 456 F.3d 1126 (9th Cir.2006). In this case, however, a document attached to the abstract of judgment (entitled "Hearing on Report of the Probation Officer and Pronouncement of Judgment," which references the conviction and sentence, and which was signed by the superior court judge) indicates that Madrid–Cuen pled no contest to an "Information" in superior court. The district court did not have access to that charging document. Instead, the government only produced the municipal court complaint, to which Madrid–Cuen did not plead. Accordingly, we cannot say for certain that Madrid–Cuen pled no contest to the language in the municipal court complaint. The government has not satisfied its burden of proving the fact of the prior qualifying conviction and thus the 16–level sentencing enhancement is inapplicable. At resentencing, the government will have the opportunity to offer additional judicially-noticeable evidence to support the enhancement. *See United States v. Navidad–Marcos*, 367 F.3d 903, 909 (9th Cir. 2004).

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

VACATED and REMANDED for re-sentencing.