FILED

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

OCT 12 2011

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 07-10443 |
| Plaintiff - Appellee, | D.C. No. CR-05-00073-ECR-VPC |
| v. | |
| JESUS MADRID-CUEN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Edward C. Reed, Senior District Judge, Presiding

Submitted September 16, 2011[**]
San Francisco, California

Before: TROTT, THOMAS, and GRABER, Circuit Judges.

Defendant Jesus Madrid-Cuen pleaded guilty to unlawful reentry in violation

of 8 U.S.C. § 1326(a). The district court sentenced him to a term of 63 months'

imprisonment after applying a 16-level enhancement for a prior conviction of a

"crime of violence." Following Defendant's timely appeal, we held that imposition

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

of the enhancement was plain error because the California burglary statute under which Defendant was convicted was broader than the "generic" federal equivalent and "there were no judicially-noticeable documents relied upon by the district court that established a crime of violence under [U.S.S.G.] § 2L1.2(b)(1)(A)." United States v. Madrid-Cuen (Madrid I), 201 F. App'x 572, 573 (9th Cir. 2006) (unpublished decision).

On remand, the district court conducted a second sentencing hearing and imposed the same sentence in reliance on additional documents. The district court held that those documents supported the 16-level enhancement. We disagreed and again remanded the case to the district court for a new sentencing proceeding. United States v. Madrid-Cuen (Madrid II), 244 F. App'x 119, 120 (9th Cir. 2007) (unpublished decision).

At the third sentencing hearing, the court again imposed a 63-month sentence using the 16-level enhancement, this time relying on another document. Again Defendant appealed, and we deferred ruling to await the en banc decision in United States v. Aguila-Montes de Oca, No. 05-50170, 2011 WL 3506442 (9th Cir. Aug. 11, 2011) (en banc) (per curiam).

Both parties, and we, agree that, under Aguila-Montes, the documents in the record are insufficient to establish that Defendant was convicted of "burglary of a

2

dwelling."  As stated in its supplemental brief, "the United States concedes that, based on this Court's current precedent, Madrid-Cuen's sentence must be vacated and remanded for resentencing without the 16-level enhancement."  Defendant, for his part, has conceded that an 8-level enhancement is appropriate.

SENTENCE VACATED; REMANDED with instructions to resentence using an 8-level enhancement.