OPINION
BETTY B. FLETCHER.
On appeal, Jasper Black challenges his conviction as a felon in possession, arguing that the district court erred when it denied his motion to suppress the gun. We affirm.
I.
The police justify their entry into Black’s apartment, not as one looking for evidence of a crime but as a welfare search occasioned by a 911 domestic violence call. Police were dispatched to the apartment after Black’s ex-girlfriend, Tyroshia Walker, called 911 and reported that Black had beaten her up that morning in the apartment and that he had a gun. Toward the end of her 911 call, Walker told the dispatcher that she intended to return to the apartment with her mother in order to retrieve her clothing and that the two women would wait outside the apartment, in a white Ford pickup truck, for police to arrive. Officer Rodriguez was dispatched to the scene to meet the women. When he arrived at the apartment a few minutes later there were no signs of Walker, her mother, or the truck. Rodriguez contacted Officer Kikkert, who was already on his way to the apartment, and directed him to stop by the grocery store from which Walker had made her phone call. Kikkert checked the store for signs of Walker but, finding none, he continued to the apartment.
After Kikkert arrived at Black’s apartment, the two officers knocked on the *1145 front door but received no response. They then contacted the apartment manager in an attempt to gain access to the building. In the meantime, Kikkert circled the building to inspect the backyard area. There, he discovered an individual who matched Black’s physical description. The individual identified himself as Jasper Black and admitted that he knew the police were investigating a domestic violence call. He denied knowing the whereabouts of Walker and also denied that he lived in the apartment. When the defendant became agitated, one of the police officers patted him down for weapons and searched his pockets with the defendant’s consent, which yielded the key to the apartment. Using the key, Rodriguez entered and made a quick sweep of the apartment to see if anyone was there. No one was present, but Rodriguez noticed a gun on the bed. Without touching the gun, he exited, arrested Black, and sought a warrant for the gun.
The police were justified in their entry because they feared that Walker could have been inside the apartment, badly injured and in need of medical attention, and that their warrantless search of the apartment was, therefore, justified by exigent circumstances. As the government argued both during the suppression hearing and on appeal, Walker could have returned to the apartment after her 911 call, but before police arrived at the scene. At that point, Black could have managed to pull her back into the apartment. Once inside the apartment, Black — in a repeat performance of his behavior earlier that morning — could have beaten Walker again and left her in the apartment severely injured. Even worse, he could have shot Walker using the gun that police knew was inside the apartment.
The dissent would hold that the circumstances of this case do not support an objectively reasonable belief that Walker could be inside the apartment. It emphasizes the short time span between Walker’s phone call and Rodriguez’s arrival on the scene. Because Walker was a two-minute drive from the apartment building when she called the police, and Officer Rodriguez arrived approximately three minutes after the call, the dissent argues that there was not sufficient time after Walker’s arrival for the defendant to force her into the apartment. The dissent parses the time too finely.
First, if Black had seen Walker arrive outside the building, it would take little time for him to threaten Walker with a gun and force her inside. Second, the times cited by the dissent are all approximate times. Rodriguez was dispatched at approximately 8:40 and arrived at approximately 8:43. If each approximation is off by a single minute, then Walker could have arrived at the apartment three minutes before Rodriguez — ample time for Black to have taken her inside the building. We conclude that the circumstances do support an objectively reasonable belief that Walker could be in the apartment.
This is a case where the police would be harshly criticized had they not investigated and Walker was in fact in the apartment. Erring on the side of caution is exactly what we expect of conscientious police officers. This is a “welfare search” where rescue is the objective, rather than a search for crime. We should not second-guess the officers objectively reasonable decision in such a case.
Our circuit has recognized that “the exigencies of domestic abuse cases present dangers that, in an appropriate case, may override considerations of privacy.” United States v. Brooks, 367 F.3d 1128, 1136 (2004). While we have stopped short of holding that “domestic abuse cases create a per se exigent need for warrantless entry,” we continue to evaluate, on a case-by- *1146 case basis, whether the “total circumstances, presented to the law officer before a search ... relieved the officer of the customary need for a prior warrant.” Id. Our own individualized assessment of the circumstances presented in this case leads us to the same conclusion that the district court reached: the officer’s initial warrant-less entry into the apartment was justified by exigent circumstance and, as a result, the subsequent seizure of Black’s handgun — this time, accomplished with warrant in hand — was not unconstitutional under the Fourth Amendment.[1]
We affirm the district court’s decision to deny Black’s motion to suppress and, in turn, uphold his conviction.
II.
On appeal, Black also argues that the government failed at the sentencing hearing to prove that he had a prior qualifying controlled substances offense under U.S.S.G. § 2K2.1(a)(2), because it never supplied the sentencing judge with the actual statute of conviction. See United States v. Pimentel-Flores, 339 F.3d 959, 967 (9th Cir.2003) (“[T]he actual statute of prior conviction must be supplied to the district court by the government whether or not anyone objects to its absence.”). The government acknowledges the mistake, but asks us to correct it by taking judicial notice of a controlled-substances-related Judgment of Conviction that was issued by a Nevada state court against Black. Appellate courts “generally will not consider facts outside the record developed before the district court,” but “may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.” See United States ex rel. Robinson Ranchería Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir.1992) (taking judicial notice of a California court’s final judgment).
Because Black did not object to the government’s failure to provide the statute’s citation before the district court, we review this matter for plain error. See Pimentel-Flores, 339 F.3d at 967. In so doing, we conclude that although the government’s error was both “actual” and “plain,” it did not affect Black’s “substantial rights.” Id. First, Black’s prior conviction is clearly related to a controlled substances offense. Second, if we declined to take judicial notice of the Judgment of Conviction, we would merely be delaying the inevitable; our next step would simply be to remand Black’s case for resentencing. Id. at 969 (remanding to the district court for resentencing so that the government can satisfy its burden of “submit[ting] judicially-noticeable documents demonstrating the prior statute of convie *1147 tion”). Rather than take this unnecessary-step — and in light of the fact that our decision to avoid doing so does not affect Black’s substantial rights — we, instead, take judicial notice of the Judgment of Conviction and affirm Black’s 110-month sentence.
AFFIRMED.
Dissent by Judge BERZON.

. Analyzing police action under the "emergency aid” doctrine compels the same conclusion. Under this doctrine, "law enforcement officers may enter a home without a warrant to render emergency assistance to an injured occupant or to protect an occupant from imminent injury.” See Brigham City, Utah v. Stuart, — U.S. -, -, 126 S.Ct. 1943, 1948, 164 L.Ed.2d 650 (2006). If, in the course of doing so, an officer "discovers evidence of illegal activity, that evidence is admissible even if there was not probable cause to believe that such evidence would have been found.” See United States v. Martinez, 406 F.3d 1160, 1164 (9th Cir.2005). In Brigham City, the Supreme Court held that the emergency aid doctrine applies only if a court concludes that an officer's decision to enter without a warrant was objectively reasonable. See Brigham City, 126 S.Ct. at 1948 (rejecting the argument that the officer’s subjective motivation is in any way relevant). Because this "objective reasonableness” test is essentially the same as the one courts use to determine whether police action is justified under the "exigent circumstances” exception, we can affirm the district court's denial of Black's motion to suppress under the emergency aid doctrine as well.