**Commonwealth v. Anderson**

C.P. of Lawrence County, No. 734 of 2012, CR

*Diane M. Shaffer*, for Commonwealth.
*Lawrence J. Keith*, for defendant.

MOTTO, *P.J.*, Jan. 12, 2015—Before the court for disposition is defendant's omnibus pretrial motion consisting of a motion to suppress and a motion for writ

of habeas corpus. The motion for writ of habeas corpus is premised upon the granting of the motion to suppress.

The criminal information filed in this case consists of fourteen counts; to wit: two unclassified felony counts of possession of a controlled substance with intent to deliver, in violation of §13(a)(30) of the Controlled Substance, Drug Device and Cosmetic Act; two counts of criminal Conspiracy, unclassified felonies, in violation of §903 of the Crimes Code; two counts of possession of drug paraphernalia, unclassified misdemeanors, in violation of §13(a)(32) of the Controlled Substance, Drug Device and Cosmetic Act; and eight misdemeanor counts of criminal conspiracy, in violation of §903 of the Crimes Code, all counts of criminal conspiracy relating to an alleged illegal agreement for possession with intent to deliver or simple possession of various controlled substances.

Defendant contends that the controlled substances and contraband seized from his residence must be suppressed as having been obtained utilizing a warrant that was the fruit of an initial unlawful warrantless entry into defendant's residence in violation of the fourth amendment of the united states constitution. New Castle City police officers entered defendant's residence in response to a dispatch reporting a domestic disturbance at defendant's residence, with the officers responding thereto and entering the residence as the result of the dispatch and what they observed upon their arrival. As the result of the warrantless entry into the residence, contraband was observed in plain view, which formed the basis for the issuance of a warrant to search

the premises.

The dispositive issue in this case is whether, as an exception to the requirement of a warrant, and based upon the totality of the circumstances, exigent circumstances existed that provided to police officers a reasonable belief that an occupant of defendant's apartment was in danger or in need of immediate aid, justifying the warrantless entry.

## Statement of Facts

On June 26, 2012, Corporal Steven Brooks of the New Castle City Police Department received a dispatch for a domestic disturbance that was reportedly occurring at 215 E. Lincoln Avenue, Apartment No. 2, in the City of New Castle. The police dispatcher had received information from an unknown caller that a male and female were arguing loudly, that there was "some banging on the walls" and that the caller "believed that the dispute may have been physical." The dispatcher had provided this information to corporal Brooks. Corporal Brooks responded to the call and arrived at the apartment on Lincoln Avenue with New Castle City Police Officers Hallowich and Vitale. When the officers approached Apartment 2, they found the front door open. The officers could hear a male voice inside the apartment yelling. The officers could see the male straight through the back of the apartment. The officers walked in, approached the male and made contact with him. The male whom the police officers observed was the defendant. Corporal Brooks directed the defendant to step outside. Defendant complied, and officer Hallowich

stayed outside with the defendant.

Corporal Brooks next made contact with a female located in the bathroom of the apartment. Corporal Brooks walked through the kitchen into the bathroom to make contact with her. The female was identified as Christine Collier. Ms. Collier advised corporal Brooks that the encounter was not physical in nature and that they were just arguing loudly. At this point, officer Vitale advised Corporal Brooks that he observed in plain view a plastic bag with a white powdered substance, a digital scale, a bag of suspected marijuana, and a hollowed out cigar in the kitchen area. As a result, Corporal Brooks instructed Ms. Collier to leave the residence as he was going to secure the residence and obtain a search warrant. Ms. Collier complied and stepped outside.

After Ms. Collier stepped outside, defendant ran away. The police officers engaged in a foot chase with the defendant, and defendant was apprehended. Both defendant and Ms. Collier were then taken to the police station. A search warrant was obtained on the residence. As a result of the search, the police recovered four small rocks of crack cocaine; a bag of heroin, twenty-six individual pieces of tin foil containing heroin; marijuana; and items of drug paraphernalia.

When the defendant ran, all of the officers at the scene, except for New Castle City Police Officer Newton, chased after the defendant. When officer Newton walked to his patrol car, Ms. Collier went back into the apartment and flushed some of the items that were in plain view on the

kitchen counter down the toilet.

The police officers observed no blood or sign of injury on defendant or on Ms. Collier, no weapons were observed at any time, the apartment was not broken up nor was there any sign that any physical violence had occurred inside of the apartment. There were no signs that anyone had engaged in a struggle inside the apartment from the officers' vantage point, looking in from the open door. All that was observed by police that would indicate any kind of disturbance was the defendant yelling in the direction of the bathroom, the room in which Ms. Collier was located.

Corporal Brooks specifically stated that the reason he walked into the apartment through the open door was because of the nature of the call was a domestic and he felt he had to check on all parties that could have been involved for their welfare. Corporal Brooks further testified that officer vitale entered the apartment with him because it is common practice and procedure when responding to a domestic case or an alleged domestic case that another officer accompanies the officer who initially enters the residence because domestics are a volatile potential for violence against another party and the officers.

## DISCUSSION

The fourth amendment of the United States Constitution, made applicable to the states by the fourteen amendment to the United States Constitution provides as follows:

The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable

searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

The legal standard to be applied where police will be excused from the warrant requirement has been set forth in *Commonwealth v. Potts*, 73 A.3d 1275 as follows:

Generally, the police will be excused from compliance with the warrant and probable cause requirements of the fourth amendment to the United States Constitution in only limited circumstances. One of these circumstances is when the police reasonably believe that someone within a residence is need of immediate aid. *Commonwealth v. Galvin*, 603 Pa. 625, 985 A.2d 783, 795 (2009), *cert. denied*, 559 U.S. 1051, 130 S.Ct. 2345, 176 L.Ed.2d 565 (2010)(Citations omitted.). Additionally, it is widely recognized that situations involving the potential for imminent physical harm in the domestic context implicate exingencies that may justify limited police intrusion into a dwelling in order to remove an item of potential danger. *Commonwealth v. Wright*, 560 Pa. 34, 742 A.2d 661, 664 (1999)(citations omitted). The relevant inquiry is "whether there was an objectively reasonable basis for believing that medical assistance was needed, or persons were in danger." *Michigan v. Fisher*, 558 U.S. 45, 49, 130 S.Ct. 546, 175 L.Ed.2d 410 (2009)(citation and internal quotations marks omitted). "[T]he calculus of reasonableness must embody

allowance for the fact that police officers are often forced to make split-second judgments in circumstances that are tense, uncertain and rapidly involving". *Ryburn v. Huff,* ____ U.S. ___, 132 S.Ct. 987, 992, 181 L.Ed.2d 966 (2012)(Citation omitted).

*Commonwealth v. Potts,* 73 A.3d at 1280, 1281.

In *Commonwealth v. Potts, Supra,* the issue before the Superior Court was whether the totality of circumstances justified the police officers' reasonable belief that they needed to enter defendant's apartment to ensure that another occupant was not in danger or in need of immediate aid. The facts in *Potts* were that police officers responded to a 911 call for an alleged domestic dispute. Upon arriving at the subject apartment building, police officers heard screaming and yelling. After entering the apartment building, the police officers realized that the screaming and yelling were coming from what was later determined to be the defendant's second floor apartment. Police officers knocked on the door of the apartment for approximately twenty seconds, and the screaming and yelling stopped. When nobody answered the door, police officers drew their weapons. After another ten seconds, Ms. Young opened the door. Miss Young was observed to be distraught, her clothes were disheveled and she was sweating, crying, and breathing heavily. Defendant ran into a bedroom and shut the bedroom door. Ms. Young then walked into the living room but left the front apartment door open. The officers then put their guns away and entered the apartment walking behind Ms. Young. Ms. Young identified the defendant as

her boyfriend. The officers then directed the defendant to come out of the bedroom while Ms. Young sat on the couch. When defendant came out of the bedroom he was sweating badly, seemed very scared and was shaking. At this point the officers were concerned for their own safety as well as the safety of Ms. Young. The officers therefore, as a precautionary measure, went into the bedroom to do a safety inspection and observed an open black suitcase filled with a large amount of marijuana on the floor in front of a bed. The officers limited their investigation for their own protection to the living room and the bedroom of the apartment. When narcotics officers arrived, they requested a search warrant and secured the premises. Defendant was taken into custody and transported to the police station. A search of the apartment was not conducted until a search warrant was obtained. The search incident to the search warrant yielded additional contraband.

Based upon the foregoing facts, the Superior Court concluded in *Potts* that the totality of the circumstances justified the police officers' reasonable belief that they needed to enter the defendant's apartment immediately and without a warrant to ensure that Ms. Young was not in danger or in need of immediate aid. The court noted that when the officers heard the screams emanating from the defendant's apartment, this corroborated the report of screaming in the distress call and further indicated that screaming had gone on for "quite some time." The screaming stopped when the officers knocked on the door. When Ms. Young opened the door she was noticed to be "very distraught," appeared to be crying, and was sweating

although it was a cold day in January, and her breathing was "really heavy" and her clothes "disheveled." From the open doorway the defendant was observed running into a bedroom directly behind the living room and shutting the door behind him.

Although it has been held that the "combustible nature of domestic disputes" provides "great latitude to an officer's belief that warrantless entry was justified by exigent circumstances when the officer had substantial reason to believe that one of the parties to the dispute was in danger" as held in *Tierny v. Davidson*, 133 F.3d 189 (2d. Cir. 1998); nevertheless, federal courts have consistently held that domestic violence situations are not per se exigent and that "there is no domestic abuse exception to the fourth amendment, generally." *U.S. v. Black*, 466 F.3d 1143 (9th Cir. 2006) Opinion amended and superseded on other grounds, 482 F.3d 1035 (9th Cir. 2007). As stated in *U.S. v. Black, Supra*, at 1145, 1146, the exigencies of domestic abuse cases present dangers that may, in an appropriate case, override considerations of privacy (citing *United States v. Brooks*, 367 F.3d 1128, 1136 (2004) and that although domestic abuse cases do not create a per se exigent need for warrantless entry, the court must evaluate on a case by case basis whether the "total circumstances presented to the law officer...relieved the officer of the customary need for a prior warrant."

In the recently decided case of *Commonwealth v. Davido*, ___ A.3d ____, WL 7182086 (Pa. 2014) filed December 15, 2014, the Pennsylvania Supreme Court

found exigent circumstances justifying a warrantless entry into a residence existed in a case where a 911 call reported domestic abuse, in so ruling, the Supreme Court, while acknowledging that it is widely recognized that the potential for imminent physical harm in the domestic context implicates exigencies that may justify a limited police intrusion into a dwelling, (citing *Commonwealth v. Wright*, 560 Pa. 34, 742 A.2d 661, 664-65 (Pa. 1999), the court specifically stated that domestic abuse cases do not create a per se exigent need for warrantless entry; rather, the totality of the circumstances presented to the officer must be assessed to determine if exigent circumstances existed as to allow entry without a warrant.

In *Davido*, the 911 call reported with specific detail that a man was beating a woman inside a residence, and a separate report indicated screaming could be heard from the residence; however, when officers arrived, no sound could be heard and no one answered the door. Upon these facts, the court held that exigent circumstances existed to justify a warrantless entry by the police to locate a victim in need of assistance.

Here, the relevant inquiry is whether there was an objectively reasonable basis for believing that medical assistance was needed or persons within the apartment were in danger. Corporal Brooks testified that he walked into the open door of the apartment because the nature of the call was a domestic and that he had to check on all parties that could have been involved for their welfare. This explanation for entry into the apartment suggests

a per se exception to the warrant requirement for cases involving reports of domestic disturbances. The court here holds that such standard does not exist in Pennsylvania and that an examination of the totality of the circumstances is necessary to determine whether police officers had a reasonable belief that someone within the apartment was in need in medical attention or was in danger.

In the case *sub judice*, the information that the dispatcher received was that a male and female were arguing loudly and there was some banging on the walls and that the caller believed that the dispute may have been physical. Arrival by the police at the apartment corroborated only that a male individual was yelling. There was no screaming by anyone within the apartment who could have been considered to be a victim of any domestic abuse nor corroboration of any banging on the walls or corroboration of any assertion that the dispute was physical in nature. The door to the apartment was "wide open" and the defendant could be seen in the apartment and could be heard yelling. There was no sign of a struggle or of physical violence. No blood was observed. No one was observed to be disheveled or breathing heavily. No clothing was ripped and nothing in the apartment was testified to as being out of place.

The court here concludes that based upon the facts of this case, police officers did not have an objectively reasonable basis for believing that any occupant of the apartment was in need of medical assistance or was in danger; therefore, the warrantless entry into defendant's apartment was unjustified and violative of the fourth

amendment to the United States Constitution. The within case is clearly distinguishable from *Commonwealth v. Potts, supra*, where, in addition to the yelling, the police officers also heard screaming from Young; observed that the screaming and yelling stopped when they knocked on the door and that the door was not answered promptly; further, when Young finally opened the door she was observed to be distraught, her clothes were disheveled and that she was sweating, crying and breathing heavily. Defendant in *Potts* was then observed to run into a nearby bedroom and shut the door. *Davido* is also distinguishable in that the 911 report provided specific detail as to a woman being beaten within a residence and a separate report provided information to police that a woman was heard screaming within the apartment, but upon arrival, the police were met with silence and no response to knocking on the door.

The additional factors that existed in the *Potts* and *Davido* do not exist in the case before the court for consideration. All that exists in this case is that police officers heard yelling within the apartment and eventually observed the defendant yelling within his apartment. Hearing yelling in an apartment simply does not give rise to a reasonable belief that someone within the apartment is in need of medical attention or is in danger. To hold that the police have a right of warrantless entry into a residence in such circumstances would emasculate the privacy protections of the fourth amendment. Although the court recognizes that a determination of reasonableness must embody allowance for the fact that police officers are often forced

to make split-second judgments in circumstances that are tense, uncertain and rapidly involving, as held in *Ryburn v. Huff, Supra,* there does not exist a per se exclusionary rule for reports of domestic violence and the totality of the circumstances test must be applied in cases involving an alleged domestic dispute.

For the foregoing reasons, the court will enter a separate order granting the defendant's motion to suppress evidence and defendant's motion for writ of habeas corpus since the Commonwealth cannot establish a prima facie case without the suppressed evidence.

## ORDER OF COURT

And now, this 12th day of January, 2015, for the reasons set forth in the accompanying opinion of even date herewith, it is ordered and decreed that the defendant's omnibus pretrial motion in the nature of a motion to suppress evidence and a motion for writ of habeas corpus is hereby granted and all evidence seized as the result of the entry into and search of the defendant's apartment is hereby suppressed and shall not be used against the defendant at any proceeding in this case. Additionally, since the Commonwealth cannot establish a *prima facie* case without the suppressed evidence, defendant's motion for writ of habeas corpus is granted and all charges filed against the defendant at the above term and number are hereby dismissed and the defendant is discharged relative thereto.