**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10297 |
| Plaintiff - Appellee, | D.C. No. 4:13-cr-01759-JGZ |
| v. | |
| URIEL RODOLFO TORRES-CISNEROS, a.k.a. Uriel Torres-Cisneros, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Jennifer G. Zipps, District Judge, Presiding

Submitted June 22, 2015[**]

Before: HAWKINS, GRABER, and W. FLETCHER, Circuit Judges.

Uriel Rodolfo Torres-Cisneros appeals from the district court's judgment

and challenges his guilty-plea conviction and 30-month sentence for reentry after

deportation, in violation of 8 U.S.C. § 1326. Pursuant to *Anders v. California*, 386

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S. 738 (1967), Torres-Cisneros's counsel has filed a brief stating that there are no grounds for relief, along with a motion to withdraw as counsel of record. We have provided Torres-Cisneros the opportunity to file a pro se supplemental brief. No pro se supplemental brief or answering brief has been filed.

Our independent review of the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 80 (1988), discloses no arguable grounds for relief on direct appeal as to Torres-Cisneros's conviction, and we affirm his conviction.

With respect to Torres-Cisneros's sentence, we vacate and remand for resentencing on an open record. Torres-Cisneros received an eight-level sentencing enhancement under U.S.S.G. § 2L1.2(b)(1)(C) for a prior burglary conviction although the probation officer was unable to confirm the specific statute under which Torres-Cisneros was convicted, and the government did not present any judicially noticeable documents indicating the specific statute of conviction. Under these circumstances, the district court plainly erred by imposing the enhancement. *See United States v. Pimentel-Flores*, 339 F.3d 959, 967-68 (9th Cir. 2003). On resentencing, if the government seeks an enhancement under section 2L1.2(b)(1)(C), it shall submit judicially noticeable documents demonstrating the prior statute of conviction. If it does so, the district court shall then determine whether Torres-Cisneros's prior offense is an aggravated felony

within the meaning of section 2L1.2(b)(1)(C). If the government cannot provide documentation establishing the prior statute of conviction, it may not seek an enhancement for that conviction. *See Pimentel-Flores,* 339 F.3d at 967.

Counsel's motion to withdraw is **GRANTED.** On remand, the district court shall appoint Torres-Cisneros new counsel.

**AFFIRMED in part; VACATED in part; REMANDED for resentencing.**