FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 01 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-30019 |
| Plaintiff-Appellee, | D.C. No. 3:13-cr-05299-RBL |
| v. | |
| HERBERT D. ZENO, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted July 26, 2016 **

Before:      SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

Herbert D. Zeno appeals from the district court's judgment and challenges

his jury-trial conviction and 120-month sentence for being a felon in possession of

a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Pursuant to *Anders*

*v. California*, 386 U.S. 738 (1967), Zeno's counsel has filed a brief stating that

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

there are no grounds for relief, along with a motion to withdraw as counsel of record. We have provided Zeno the opportunity to file a pro se supplemental brief. No pro se supplemental brief or answering brief has been filed.

Our independent review of the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 80 (1988), discloses no arguable grounds for relief on direct appeal with respect to Zeno's conviction. We, therefore, affirm the conviction.

With respect to Zeno's sentence, we vacate and remand. Zeno's base offense level was determined to be 20 under U.S.S.G. § 2K2.1(a)(4)(A), on the basis of the probation officer's conclusion that Zeno had a prior conviction for a crime of violence.[1] However, neither the probation officer nor the district court identified which of Zeno's prior convictions qualified as a crime of violence; nor did the presentence report identify any of the statutes under which Zeno was previously convicted. As a result, the record is unclear as to how the Guidelines were calculated, and we vacate Zeno's sentence and remand for resentencing. *See United States v. Pimentel-Flores*, 339 F.3d 959, 967 (9th Cir. 2003). Upon remand, the district court shall identify which of Zeno's prior convictions, if any, constitutes a crime of violence within the meaning of § 2K2.1. In conducting this

---

[1]The presentence report cites to § 2K2.1(a)(4)(B), rather than (a)(4)(A), but that citation appears to be a typographical error. The report relies on the "crime of violence" language of § 2K2.1(a)(4)(A).

analysis, the court shall consider the effect of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), on the determination of whether Zeno has a qualifying conviction.

Counsel's motion to withdraw is **GRANTED.** Upon remand, the district court shall appoint Zeno replacement counsel. In the interest of judicial economy, we recommend that the court appoint the Federal Public Defender for the Western District of Washington, which has familiarity with this case.

The Clerk shall send an electronic courtesy copy of this order to Michael Filipovic and Ann Wagner of the Federal Public Defender for the Western District of Washington at Michael_Filipovic@fd.org and Ann_Wagner@fd.org.

**AFFIRMED in part; VACATED and REMANDED in part.**

14-30019