UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 25 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| TAUMU JAMES,<br><br>        Petitioner-Appellant,<br><br>  v.<br><br>J. SOTO, Warden,<br><br>        Respondent-Appellee. | No.   16-56783<br><br>D.C. No.<br>2:13-cv-07523-SVW-SP<br>Central District of California,<br>Los Angeles<br><br>ORDER |

Before:  W. FLETCHER and OWENS, Circuit Judges, and MOSKOWITZ,[*] Chief District Judge.

The memorandum disposition filed on March 14, 2018, and reported at 2018 WL 1311823, is hereby amended.  The superseding amended memorandum disposition will be filed concurrently with this order.

The panel has voted to deny the petition for panel rehearing.  Judges Fletcher and Owens voted to deny the petition for rehearing en banc, and Chief District Judge Moskowitz so recommends.

The full court has been advised of the suggestion for rehearing en banc, and no judge has requested a vote on whether to rehear the matter en banc.  Fed. R. App. P. 35.

---

[*]     The Honorable Barry Ted Moskowitz, Chief United States District Judge for the Southern District of California, sitting by designation.

The petition for panel rehearing and rehearing en banc is DENIED.

No further petitions for panel rehearing or petitions for rehearing en banc will be entertained.

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 25 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TAUMU JAMES,

Petitioner-Appellant,

v.

J. SOTO, Warden,

Respondent-Appellee.

No. 16-56783

D.C. No.
2:13-cv-07523-SVW-SP

AMENDED
MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted March 9, 2018**
Pasadena, California

Before: W. FLETCHER and OWENS, Circuit Judges, and MOSKOWITZ,***
Chief District Judge.

Taumu James appeals from the district court's denial of his petition for

habeas relief under 28 U.S.C. § 2254. Mr. James challenges his conviction—for

---

*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**      The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

***     The Honorable Barry Ted Moskowitz, Chief United States District
Judge for the Southern District of California, sitting by designation.

six counts of home-invasion robbery—on the grounds that the government introduced eyewitness identification evidence that was so irrelevant and prejudicial as to violate due process. As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

1. The California Court of Appeal did not rely on an unreasonable determination of fact in its 2012 decision on direct appeal, and so 28 U.S.C. § 2254(d) bars habeas relief. *See* 28 U.S.C. § 2254(d)(2); *Berghuis v. Thompkins*, 560 U.S. 370, 380 (2010).

The "unreasonable factual determination" that Mr. James identifies to overcome 28 U.S.C. § 2254(d)'s bar is the California Court of Appeal's conclusion that the identification evidence "could have supported the inference that these witnesses 'recognized [Mr. James's] photograph in the array from seeing his photograph on the Internet.'" This objection appears to be a criticism of the state court's legal analysis presented as a challenge to a factual determination. Mr. James does not argue that, as a factual matter, the witnesses' testimony could *not* have supported the inference that they picked his photograph out of a six-photograph array solely because they had previously seen his photograph on the internet. Rather, Mr. James argues that the state court incorrectly considered that inference a relevant one. State evidence law questions such as relevance are generally not cognizable on federal habeas review. *See Estelle v. McGuire*, 502

2

U.S. 62, 67–68 (1991); *Jammal v. Van de Kamp*, 926 F.2d 918, 919 (9th Cir. 1991).

In his opening brief, Mr. James states in a heading that "The State Court misapplied established federal law in concluding that the admission of this evidence was consistent with the right to due process." This appears to implicate the "unreasonable application of[] clearly established Federal law" prong of 28 U.S.C. § 2254(d)(1). Mr. James does not, however, explain how the California Court of Appeal's decision was contrary to, or an unreasonable application of, "clearly established" Supreme Court law. In *Estelle*, the Court expressly declined to "explore [whether] it is a violation of the due process guaranteed by the Fourteenth Amendment for evidence that is not relevant to be received in a criminal trial," so Mr. James cannot argue that a due process bar on irrelevant evidence is "clearly established." 502 U.S. at 70; *see also Holley v. Yarborough*, 568 F.3d 1091, 1101 (9th Cir. 2009). And while in *Payne v. Tennessee*, 501 U.S. 808, 825 (1991), the Court observed that the due process clause bars the admission of evidence "so unduly prejudicial that it renders the trial fundamentally unfair," Mr. James does not argue that the California Court of Appeal unreasonably applied this precedent.

Accordingly, Mr. James's petition for habeas relief is barred by 28 U.S.C. § 2254(d).

3

2. Even assuming that 28 U.S.C. § 2254(d)'s bar is overcome and reviewing Mr. James's due process claim de novo, *see Crittenden v. Chappell*, 804 F.3d 998, 1010–11 (9th Cir. 2015), admission of the pre-trial identification evidence does not justify an award of habeas relief because it did not render Mr. James's trial "fundamentally unfair" in violation of the Fourteenth Amendment, *see Payne*, 501 U.S. at 825; *Holley*, 568 F.3d at 1101.

When determining whether the trial was fundamentally unfair, this court conducts an "examination of the entire proceedings." *Romano v. Oklahoma*, 512 U.S. 1, 12 (1994) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). In cases in which "the suggestive circumstances were not arranged by law enforcement officers . . . it suffices to test reliability through the rights and opportunities generally designed for that purpose, notably, the presence of counsel at postindictment lineups, vigorous cross-examination, protective rules of evidence, and jury instructions on both the fallibility of eyewitness identification and the requirement that guilt be proved beyond a reasonable doubt." *Perry v. New Hampshire*, 565 U.S. 228, 232–33 (2012).

At trial, Mr. James thoroughly tested the reliability of the three witnesses' identifications through cross-examination of the three witnesses and of Detective Chism, who had conducted the six-photograph array identifications. Mr. James also introduced eyewitness-identification expert Dr. Robert Shomer, who testified

at length regarding the unreliability of eyewitness identification. In response to a hypothetical question based upon the identifications in this case, Dr. Shomer opined that no identification could be deemed valid under such circumstances.

In closing, the government did not rely on the three witnesses' identification of Mr. James. Defense counsel repeatedly emphasized the unreliability of the identifications and used the tainted identifications by Ms. Barragan, Ms. Saavedra, and Ms. Gonzalez to argue that the identification by Ms. Jardines was tainted, as well.

Finally, it was undisputed that Mr. James was the "major contributor" of DNA found on a ski mask containing a gun. That ski mask was found a few blocks away from the victims' home, next to a glove bearing the DNA of a man whom the victims positively identified as one of the unmasked robbers within hours after the robbery.

It is true that, during the hearing on Mr. James's motion for a new trial, the state trial court incorrectly stated that Ms. Saavedra and Ms. Gonzalez had identified Mr. James in court as "the man with the mask," rather than as the man whose photo they had previously seen on the internet. But the trial court's confusion several months after the conclusion of the trial does not indicate that the jury was similarly confused during the trial itself. Indeed, during deliberations, the jury sent out a note asking about the source of the letter identifying Mr. James as a

5

suspect, indicating that they were attuned to the prejudicial effect that the letter had on the witnesses' identifications.

Accordingly, in the context of "the entire proceedings," *Romano*, 512 U.S. at 12, admission of the three witnesses' pre-trial identifications of Mr. James did not render the trial so "fundamentally unfair" as to violate due process, *Holley*, 568 F.3d at 1101.

**AFFIRMED.**