**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 3 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50412 |
| Plaintiff-Appellee, | D.C. No. 3:16-cr-02609-BEN |
| v. | |
| ARTURO DELGADO-VEGA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted November 27, 2018[**]

Before:     CANBY, TASHIMA, and FRIEDLAND, Circuit Judges.

Arturo Delgado-Vega appeals from the district court's judgment and

challenges the 120-month sentence imposed following his guilty-plea conviction

for possession of methamphetamine with intent to distribute, in violation of 21

U.S.C. § 841(a)(1). We have jurisdiction under 28 U.S.C. § 1291, and we vacate

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

and remand for resentencing.

Delgado-Vega contends that the district court improperly denied his request for a minor-role reduction under U.S.S.G. § 3B1.2 because it, inter alia, improperly compared him only to known co-participants in his offense while failing to consider other likely co-participants. We review the district court's interpretation of the Guidelines de novo, and its application of the Guidelines to the facts for abuse of discretion. *See United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc).

After Delgado-Vega was sentenced, this court issued its opinion in *United States v. Diaz*, 884 F.3d 911 (9th Cir. 2018). In *Diaz*, we reaffirmed the principle that, under U.S.S.G. § 3B1.2, "when measuring a defendant's culpability relative to that of other participants, district courts must compare the defendant's involvement to that of all likely participants in the criminal scheme," even if they are unnamed. *See id*. at 916-17. *Diaz* also noted that "when a defendant knows little about the scope and structure of the criminal enterprise in which he was involved, that fact weighs in favor of granting a minor-role adjustment." *Id.* at 917. Because the district court did not have the benefit of *Diaz*, and because we cannot determine on this record whether the district court considered all likely co-participants in the offense, we vacate Delgado-Vega's sentence and remand for resentencing.

If, on remand, the district court again denies Delgado-Vega's request for a minor-role reduction, it shall consider whether the government has met its burden to establish that the offense involved the importation of methamphetamine, as is necessary to impose an enhancement under U.S.S.G. § 2D1.1(b)(5), *see United States v. Pimentel-Flores*, 339 F.3d 959, 968 (9th Cir. 2003), and shall explain what evidence supports the enhancement if it is imposed, *see United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

In light of this disposition, we do not address Delgado-Vega's argument that his sentence is substantively unreasonable.

**VACATED and REMANDED for resentencing.**